JACOB GLOS

v.

ANNA M. BROWN *et al.*

*Opinion filed December 18, 1901—Rehearing denied February 12, 1902.*

1. PARTITION—*when owner of tax deed is not prejudiced by error in admitting evidence.* In a proceeding for partition and to cancel a tax deed as a cloud on complainants' title, if the owner of the tax deed concedes that his deed is void the admission in evidence of a copy of a former decree as a link in complainants' chain of title is not prejudicial to him, even though erroneous.

2. SAME—*decree should fix a definite period for paying amount due the holder of a tax deed.* A decree in partition proceedings which finds that a tax deed held by one of the defendants was void and ought to be canceled, should fix a definite period for the payment to the holder of the amount, with interest, found due, and in case payment should not be made, that the bill be dismissed as to him and his costs allowed.

APPEAL from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

ENOCH J. PRICE, for appellant.

HENRY D. BEAM, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a bill in chancery filed in the superior court of Cook county for the partition of lot 4 in the county clerk's division of unsubdivided lands in the north-west quarter of section 30, township 41, north, range 14, Cook county, Illinois, between the appellees, and to cancel a tax title thereon as a cloud upon appellees' title, held by the appellant. A decree was entered finding the title to the premises to be in appellees and appointing commissioners to make partition thereof. It also found that the tax deed of appellant was void and ought to be set aside and canceled as a cloud upon the title of appellees, "upon condition, however, and it is hereby made a condition precedent to the relief herein granted, that said

complainants pay to said defendant, Jacob Glos, or upon his refusal to accept same, to pay to the clerk of this court for his use, the sum of $189.04" found due by the master for the amount paid at said tax sale, subsequent taxes and costs, "which amount is hereby made a lien on said premises," and upon the payment of said sum to the clerk of the court for his use, that said tax deed be set aside and annulled as a cloud upon appellees' title, and that the costs of the proceeding, including the amount to be paid to the appellant, be apportioned among and be paid by appellees,—from which decree appellant has prosecuted an appeal to this court, and urges as a ground for the reversal of said decree the following reasons: The appellees are not shown to be the legal owners of said premises, but the title thereto is in the devisees of Rebecca Mulford, deceased; the decree fails to fix a definite period within which the appellees shall pay the amount, with interest, awarded to appellant, and in case payment shall not be made, the bill be dismissed as to appellant; and no tender having been made, appellant should have been awarded his costs.

Rebecca Mulford, who formerly owned the property in question, died testate June 14, 1873. By her will she named Edward H. Mulford and Anna M. Gibbs her personal representatives, and directed them to subdivide the said premises into six equal parts, and devised such parts as follows: One to the trustees of the First Baptist Church of Evanston; one to the University of Chicago; one to the Baptist Church extension fund; one to the use of the Baptist Church Theological Seminary of Chicago; one to the Board of Home Missions of the Baptist Church, and one to the Home for the Friendless in Chicago. Nothing having been done to carry out the provisions of said will, on September 4, 1884, the Baptist Theological Union, located in Chicago and named in the will as "The Baptist Church Theological Seminary of Chicago," filed a bill against the heirs, devisees and personal represen-

tatives of Rebecca Mulford, deceased, for a partition of said premises. On July 7, 1890, a consent decree based upon the stipulation of the parties, which recited the payment of a money consideration to the devisees for a release of their interest in said premises, was entered in said cause, which by its terms invested the title to said premises in the appellees or their grantors. A certified copy of said decree was introduced by the appellees before the master in this case as a link in the chain of their title. That suit was a partition suit, and the Partition act (Hurd's Stat. 1899, sec. 39, p. 1259,) expressly provides that in all suits brought under that act the court may, by its decree, invest the title in the parties to whom the premises may be allotted.

It is, however, contended said premises were not allotted in said suit, and it is urged the provisions of said act do not apply to that case. In any event, said decree remains in full force and effect, and the devisees of Rebecca Mulford, deceased, having consented to the entry thereof, are bound by its terms, and are estopped thereby to assert title to said premises as against the appellees. (*Marsh* v. *Irwin*, 168 Ill. 50.) Said decree therefore shows title in appellees, and as the appellant concedes his tax deed to be void, and as the only interest he has herein, as against appellees, is the right to be re-paid the amount of his claim for taxes and interest, the admission of said decree in evidence, if error, was not prejudicial error as against him.

The decree should have fixed a definite period within which appellees should pay the amount, with interest, found due the appellant, and in case payment should not be made that the bill be dismissed as to appellant, and the appellant should have been awarded his costs, with execution therefor. *Gage* v. *Schmidt*, 104 Ill. 106; *Gage* v. *Thompson*, 161 id. 403.

The decree of the superior court will therefore be modified so as to require the payment of interest, at the

rate of five per cent per annum, upon $189.04,—the amount found due the appellant,—from June 25, 1901,—the date of the decree,—and provide that said amount and interest be paid within ninety days from the entry of this judgment or the bill stand dismissed as to the appellant, and that appellant recover his costs and that he have execution therefor.   The decree is affirmed in all other respects, and the parties will each pay one-half of the costs of this court.    *Decree modified and affirmed.*