EDWARD SPRING

*v.*

EDMUND O. KANE.

1. EVIDENCE — *questioning judicial proceedings collaterally.* Where a court has jurisdiction of the subject matter and of the parties to the litigation, its judgments or decrees must be held valid when questioned collaterally. A purchaser in good faith at a sale made under such a judgment or decree will not be affected by any error or irregularity in the course of the proceeding.

2. GUARDIAN'S SALE — *what gives jurisdiction.* A proceeding by a guardian

to sell his ward's land for his maintenance being *in rem*, and made on behalf of the owner, it is only necessary the court should have jurisdiction of the subject matter to make an order, to sustain a sale made thereunder, and, under the laws in force in 1853, this was acquired by publication of the prescribed notice and the presentation of a petition, in writing, by the guardian to the court.

3. SAME — *sufficiency of proof of notice of application.* After the lapse of twenty years from the date of a decree for the sale of a ward's land by his guardian, and the destruction of the court records, oral proof of the publication of notice by the guardian of his intention to present the petition for leave to sell, in one of the papers of the county for the time required by law, taken in connection with a recital in what was proved to be a correct copy of the original decree, that it appeared to the court "that due proof of the time, place, and intention of presenting" such petition was made by publication in one of the public papers of the county "for six successive weeks," was held satisfactory proof that the requisite notice of the application to sell had been given.

5. SAME — *presumption in aid of jurisdiction.* After the lapse of many years and the destruction of the records, where the validity of a guardian's sale is questioned collaterally, it will be presumed that the clerk of the court filed the guardian's petition, as it was his duty to do. So it will be presumed that the clerk recorded the guardian's report of sale on its approval.

6. SAME — *sufficiency of finding of jurisdictional facts.* Where the court found, in its decree for the sale of land by a guardian, that the proceedings of the "guardian had in all respects been in conformity with law," and proof was made that notice to all concerned was given for the requisite length of time before the "sitting of the court," in the manner prescribed by the statute, and of the presentation of a "petition, in writing," by the guardian for the sale of his ward's lands, this was held sufficient to show the court had jurisdiction to decree a sale.

7. SAME — *fixing time of sale.* If it is the duty of the court, in authorizing a guardian's sale of real estate, to fix the day of sale, which admits of doubt, its omission to do so, as it does not affect the jurisdiction, can not vitiate the sale. It is a mere irregularity, at most.

8. CIRCUIT COURT — *special terms in Cook county.* In Cook county the terms of the circuit court were fixed by a special statute, but by the general law the judge might, by an order properly entered, call special terms. A sale of land was authorized at what purported to be a special term for general business: *Held*, that it would be presumed the term was regularly called according to the statute, especially since the destruction of the records of the court.

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. MILLER & FROST, for the appellant.

Messrs. AVERY & COMSTOCK, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The title to the property involved in this litigation was in Giles Spring, in his lifetime, and it is proven plaintiff is his only surviving heir at law, and, unless the title that descended to him has been divested by the sale made by his guardian under a decree of the circuit court made in 1853, plaintiff is entitled to recover.

A number of objections, all of them exceedingly technical, have been taken to the validity of the sale of the wards' land by their guardian. None of them, however, affect the merits of the case. It is shown affirmatively the land was sold by plaintiff's guardian under a decree of a court of competent jurisdiction, for the maintenance of himself and other minor heirs of his father's estate, then living, and that the same was purchased at such sale in good faith by a stranger to the record, with no notice whatever of any of the defects in the proceedings that it is now alleged existed. It will be observed, the irregularities that are said to vitiate the sale have relation to the subsequent proceedings after the court acquired jurisdiction in the case. No principle is better settled in our jurisprudence than that where a court has jurisdiction of the subject matter and of the persons of the parties to the litigation, its judgments or decrees, when called in question collaterally, will be held valid; and, notwithstanding the court may have proceeded irregularly, a purchaser in good faith under its judgment or decree will be protected. *Harris* v. *Lester*, 80 Ill. 307. A proceeding by a guardian to sell real estate for the maintenance of his ward is a proceeding *in rem*, being made on behalf of the owner of the estate, and hence it is only necessary the court should have jurisdiction of the subject matter. Under the statute then in force, jurisdiction in such cases is acquired by the publication of the prescribed notice to all concerned, and by presenting a petition in writing to the proper court by the guardian on behalf of his ward. Where enough appears in such cases on the face of the record to show that the court

that pronounced the decree had jurisdiction of the subject matter, the sentence is understood to be conclusive when collaterally assailed, although errors may have intervened after the court acquired jurisdiction that might be sufficient to warrant a reversal in any direct proceeding for that purpose. It was so expressly ruled by this court in such a proceeding as we are considering, in *Mulford* v. *Stalzenback,* 46 Ill. 303 ; and in *Mulford* v. *Beveridge,* 78 Ill. 455.

Much difficulty was experienced in proving what was done to give the court jurisdiction in the proceeding by the guardian to sell the estate of his wards, on account of the destruction by fire of the records and files in that case before this action was commenced. The oral testimony shows that notice of an intention to present a petition by the guardian to sell the estate of his wards was published in one of the Chicago papers, in the county where the proceedings were had, " for the requisite time as required by law," and in what is proven to be a correct copy of the original decree, it is recited, it appeared to the court " that due proof of the time, place, and intention of presenting " such petition was made by publication in one of the " public journals published in the city of Chicago," for the period of " six successive weeks." Owing to the destruction of the records of the case, as well as all the files, this ought to be regarded as most satisfactory evidence of the due publication of the notice by the guardian of his application to sell the estate of his wards that the statute required to be given, and that it was published for the requisite time before the " sitting of the court."

Both the oral testimony and the copy of the decree in evidence show that the petition in writing of the guardian for the sale of the wards' estate was presented to, and was acted on by, the court, but the point is made, there is no proof the " petition was filed." If the objection, the petition was not " filed in court," is that it was not marked so by the clerk, the record is silent as to that fact. The decree refers to a petition and the presentation of the same

to the court, but it is said there is no verbal or other evidence of the filing of the same, if it was in fact done. Since the destruction of the records and files, it is simply impossible to prove the petition, when presented to the court, was marked filed, and that accounts for the silence of the record in that regard. If any clerk should undertake to give his recollection of such an act, occurring in the usual course of the business of his office, after the lapse of so many years, his testimony would hardly be credited. It was the duty of the clerk, when the petition was presented to the court, to mark it filed, and after the lapse of more than twenty years no presumption will be indulged that the clerk omitted that duty enjoined upon him by positive law, that the decree rendered might be held to be invalid if such a trifling omission could vitiate a decree of a court of competent jurisdiction in all things else regular. As we have seen, the petition was presented to and acted upon by the court, and that was sufficient. The statute authorized the court to order the sale of the real estate of the wards on the application of the guardian, by " petition in writing," and we are not aware it is essential it should be shown what was the exact date of presentation by any file mark.

The court found in its decree that the proceedings of the " guardian had in all respects been in conformity with law," and proof having been made that notice to all concerned was made for the requisite length of time, before the " sitting of the court," in the manner prescribed by the statute, and of the presentation of a " petition in writing " by the guardian for the sale of his wards' lands, that was all that it was necessary to prove to show that the court had jurisdiction to pronounce the decree it did. It follows, then, the court had jurisdiction to order the sale of the wards' estate as it did, but because the court may have omitted to make some orders in reference to the sale thereafter to be made, that the statute authorized the court to make, and perhaps made it its duty to do, the proposition can not be maintained that such omissions ousted the court of its juris-

diction in the premises.    That would require the court after
it obtained jurisdiction to proceed without omitting any
duty in regard to the subsequent sale which the law directs
to be observed.    That is not the law, and such strict con-
struction savors of useless technicality.    Of this class of
objections is the one taken that the court, although it fixed
by its decree the place where the sale of the wards' lands
should take place, and the notice the guardian should give
of the time and place of sale, it did not in the decree fix the
precise day on which the sale should be made.    It admits
of some doubt whether it was the duty of the court to fix
the day of sale, other than by directing what notice the
guardian should give of the time and place of sale, as was
done in this case ; but, conceding it was the duty of the court
to fix by its decree the day on which the sale should take
place, the omission to observe that direction of the statute
did not affect the jurisdiction of the court to order the sale
of the wards' property.    Jurisdiction had been obtained by
the publication of a notice by the guardian to all concerned,
and by the presentation in writing of a petition to the court
for a sale of the property, and it is a proposition that finds
no support either in reason or the analogies of the law that an
omission to give all the proper directions as to the making
of the sale the statute requires to be observed can oust the
court of jurisdiction.    At most, the failure to fix absolutely
the day of sale was a mere irregularity, if anything, having
no relation to the jurisdiction of the court in the premises.
Advantage could only be taken of it in a direct proceeding
to reverse the decree on account of error intervening.    The
fallacy of the argument on this branch of the case lies in the
assumption the court must do everything the statute directs
to be done in regard to the subsequent sale, no matter how
trifling, or else it in some mysterious way loses that jurisdic-
tion which it obtained by the publication of the notice to all
concerned as required by law, and the presentation to the
court of a petition in writing for the sale of the wards' prop-
erty.    What did the court acquire jurisdiction to do?

Plainly it was to order the sale of the wards' real estate on the application of their guardian, and that it did do by the decree pronounced. That being a definitive sentence pronounced by a court having jurisdiction of the subject matter of the litigation, it can not be assailed collaterally, as is sought to be done in this case.

Another objection of the same class is; that there is no proof the guardian's report of sale was in fact recorded as the law requires. The report of sale was approved by the court, and the proof is it was by an order " entered on the day the report was affirmed." As was said in reference to another point made, it was the duty of the clerk of the court to record the report after it should be affirmed, and since the destruction of all evidence of what was in fact done, no presumption will be indulged that he omitted that duty. It is not now possible to make any proof on that subject, since no written evidence exists, and it can not be expected such evidence exists in the minds of living witnesses. Under such circumstances, should presumptions be indulged, in the absence of any evidence, that officers of court had omitted clerical duties enjoined upon them by law, it might unsettle any number of titles to valuable property where there has been a destruction of the public records.

It seems the terms of the circuit court of Cook county, in which the proceedings were had for the sale of this property, were fixed by a special statute, but by the general law the judge of that court had power by an order properly entered of record to call special terms of court; and as the proceedings purport to have been had at a special term for general business, we must understand such term of court was regularly called in accordance with the provisions of the statute. Any other rule would be productive of most disastrous consequences, and especially after the destruction of the records containing the evidence of how the special term of court came to be held as it was.

According to our understanding, the sale under the

decree, there having been jurisdiction in the court to pronounce it, divested plaintiff of the title of the property that came to him by descent, that is involved in this controversy, and it matters not in whom that title may now be, so it is not in plaintiff, it is sufficient to defeat the present action.

The judgment is warranted both by the law and the evidence, and must be affirmed.

*Judgment affirmed.*

Mr. JUSTICE DICKEY: I dissent from the doctrine of this court in this class of cases. The statute prescribes the mode in which the property of minors may be taken from them. I think that in such case the mode prescribed must be pursued, and no title passes unless every condition prescribed by the statute has been fulfilled.