## CHARLES V. MARSH et al.

*v.*

## HARRY D. IRWIN, Receiver.

*Opinion filed June 8, 1897—Rehearing denied October 29, 1897.*

1. APPEALS AND ERRORS—*proceedings for assignment of dower involve a freehold estate.* Proceedings for assignment of dower involve a freehold estate, and an appeal from a decree entered therein lies to the Supreme Court.

2. RES JUDICATA—*a valid decree cannot be collaterally attacked.* A decree entered by a court of competent jurisdiction having jurisdiction of the parties and the subject matter, cannot be attacked in a collateral proceeding on the ground that it is not authorized by the law.

3. DOWER—*commencement of suit for dower is a legal demand—damages.* The commencement of a suit for assignment of dower is a legal demand, and from that time the heirs are liable in damages for withholding the dower, if no other demand has been made.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

WARWICK A. SHAW, for appellants.

HOYNE, FOLLANSBEE & O'CONNOR, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, Harry D. Irwin, as receiver for Charles V. Marsh, filed his petition in this case in the circuit court of Cook county for an assignment of the dower of said Charles V. Marsh, as surviving husband of Mary Marsh, in lands of which said Mary Marsh died seized. Carrie Louise Marsh (now Carrie Louise Doty) and Isaac C. Marsh, children of said Mary Marsh, survived her as her heirs-at-law. Said Isaac C. Marsh afterward died, and the appellants are the said Charles V. Marsh, who was entitled to dower, Carrie Louise Doty, and the representatives of the estate of Isaac C. Marsh, deceased. There were other defendants to the petition who were defaulted.

Appellants demurred to the petition, and their demurrer being overruled they elected to stand by it. A decree was entered assigning the dower of Charles V. Marsh, and assessing damages against the heirs for withholding such dower from the time of demand for its assignment and refusal to assign the same. From that decree an appeal was taken to this court.

Appellee entered his motion to dismiss the appeal on the ground that it ought to have been taken to the Appellate Court, and this motion was reserved to the hearing. The dower of Charles V. Marsh is a freehold estate, and the petition was for the recovery of such estate. A freehold is involved, and the motion to dismiss is overruled. *Walker* v. *Doane*, 131 Ill. 27.

The assignment of errors embraces nine alleged errors, but they all amount to the same thing, and, being all argued under one head, may be considered together. The argument in support of them is, that a dower interest, when unassigned, cannot be reached by a creditor's bill to satisfy a judgment, and therefore the court erred in appointing appellee receiver of Charles V. Marsh, and decreeing that such dower should be subjected to the payment of a judgment against him under a creditor's bill, and in awarding damages against the heirs for withholding the assignment of dower from a receiver.

The alleged error in appointing the receiver and applying the dower interest of Charles V. Marsh to the payment of the judgment relates only to the proceedings in a former and different suit from this, where those questions were decided and a decree entered. The bill to which appellants demurred set out the proceedings in that suit. It was alleged to have been a creditor's bill filed by William Thompson and Benjamin O. Bowers, judgment creditors of Charles V. Marsh, as complainants, against said Charles V. Marsh and the heirs of his deceased wife, Carrie Louise Marsh, and Isaac C. Marsh, as defendants, to subject said dower interest to the pay-

ment of their judgment and for the appointment of a receiver to take charge of and sue for such dower. In that suit appellee was appointed receiver, and it was ordered that Charles V. Marsh should assign his right of dower to such receiver, or, upon his failure to do so, the decree should operate to assign to the said receiver said right; that said receiver should sue for recovery of said dower, and that the same should be applied to the satisfaction of said judgment against Charles V. Marsh. Appellants, or the parties under whom they claim, were defendants in that case, and the decree entered therein is binding upon them. The court had jurisdiction of the persons and of the subject matter, and if the court erred in compelling the appellant Charles V. Marsh to do through a receiver what he could do but would not, and to recover his dower in order to subject it to the payment of his debt, this is not the proper time or place to complain of such error. If that decree was wrong and calculated to work pernicious results to him by compelling him to pay his judgment by such means against his will, or if the heirs had a ground of objection to having a stranger intrude himself into the estate, an appeal should have been taken from that decree. It was not appealed from, and appellants cannot complain of any error in it.

Appellants seem to ground their argument that they may review the questions decided in the former case on this appeal, upon the claim that a receiver could not sue for an assignment of dower, but that Charles V. Marsh must sue for it personally, and until he does sue for it he is not entitled to it. But this is the precise question settled in the other suit. It was there conclusively determined, as between Charles V. Marsh and the heirs of his wife on the one hand and the judgment creditors on the other, that the receiver might sue for and recover the dower.

It is also contended that there could be no damages allowed against the heirs until the dower should be de-

manded by said Charles V. Marsh personally, because, in order to have damages, there must have been a demand by one entitled to dower. This argument is of the same character as that already noticed. It had been settled that appellee was entitled to recover the dower and to bring the suit. The commencement of suit for the assignment of dower is a legal demand, and from that time the heirs would be liable for damages if no other demand were shown. (*Atkin* v. *Merrell*, 39 Ill. 62; *Bonner* v. *Peterson*, 44 id. 253.) There is no complaint made of the amount of damages allowed, but the only claim is that no damages ought to have been allowed because appellee was not entitled to recover any. The bill only alleges a demand upon Charles V. Marsh, but from the time of the commencement of the suit appellee was entitled to damages for withholding the dower, and they could properly be allowed without such an averment.

The decree will be affirmed.

*Decree affirmed.*