(No. 24312.—

BESSIE McDONALD, Appellee, *vs.* JOHN F. WALSH *et al.* Appellants.

*Opinion filed December 17, 1937.*

ANDREWS & ESSINGTON, and MADDEN & LADEN, for appellants.

EARLY & EARLY, and W. E. CARPENTER, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Patrick H. Walsh, a resident of the city of Rockford, died testate on October 31, 1923. He left surviving three daughters, two sons and the children of a deceased son. The testator's last will and testament, executed on March 7, 1918, was admitted to record by the probate court of Winnebago county. Three parcels of real estate in Rockford were included in the property described by the third and fourth sections of the will. The third section reads: "(3) It is my wish that the balance of my property be kept intact for a period of ten (10) years after my death, and the same properly cared for, rented, etc., by my executors hereinafter named, for such period of ten years, and the net income therefrom shall be by my said executors divided and paid in equal parts, share and share alike, to all of my children, and in case of the death of any child of mine, leaving no child or children him surviving, then to the survivors of them; but in case of the death of any child or children of mine, leaving him or her child or children surviving, then such surviving child or children shall receive the parent's share, and to that extent, I give and bequeath the income to my said children as directed in this paragraph of my will." The fourth section of the will declares: "(4) Subject to the foregoing, at the expiration of said ten (10) year period, I give, devise and bequeath all the remainder of my property, whether real or personal, and wheresoever situated, to all my children in equal shares, share and share alike, and in case of the death of any of

my said children, prior to the expiration of said ten year period, leaving him or her surviving no descendant, then it is my will that the survivors of my children take the entire property; but in case of the death, prior to the expiration of said ten year period, of any of my children, leaving him or her surviving any descendant thereof, in that case, the descendant or descendants of such child or children shall take the parent's share." The ten-year period specified in the foregoing provisions of the will expired October 31, 1933. At that time testator's five children and a child of the deceased son were living.

From the pleadings it appears that the plaintiff, Bessie McDonald, obtained a judgment for $2299.32, and costs, against Maude McDonald, one of testator's daughters, in the municipal court of Chicago in 1932, and an execution issued upon the judgment. Subsequently, plaintiff caused a transcript of the judgment to be filed in the office of the circuit court clerk of Winnebago county and an execution dated April 10, 1935, was issued. The sheriff levied upon the interest of Maude McDonald in the three tracts previously mentioned and sold them to one John Early. The latter, in turn, assigned his certificate of purchase to plaintiff. Thereafter, on August 25, 1936, the sheriff issued his deed to plaintiff, Maude McDonald not having redeemed her interest in the property within the time prescribed by the applicable statute.

By her complaint filed in the circuit court of Winnebago county on March 27, 1937, plaintiff charged that by reason of the sheriff's deed she had acquired the undivided one-sixth interest of Maude McDonald in the property. The relief sought was partition, an accounting, and the appointment of a receiver to manage and control the premises until partition should be made. The children of Patrick H. Walsh, (with the exception of Maude McDonald,) the grandson, judgment creditors of John F. Walsh and tenants were made parties defendant. Walsh, individually and

as executor of his father's will, by his answer averred that prior to the filing of the transcript of plaintiff's judgment against Maude McDonald in the circuit court, namely, June 9, 1932, the latter, his sister, had conveyed her interest to him by a quitclaim deed which was filed for record in due course, and that, therefore, plaintiff had no interest in the property in controversy. The answer of Lenora M. Hyzer, a sister of Maude McDonald and Walsh, claimed, in addition, that because of the conveyance of Maude McDonald's interest, plaintiff was not entitled to the appointment of a receiver. Mrs. Hyzer also filed a counter-claim alleging that the real property had descended to the heirs-at-law of testator as a class prior to October 1, 1933; that the quitclaim deed from Maude McDonald to Walsh precluded the acquisition by plaintiff of any interest in the property, and that, hence, Walsh was entitled to an undivided one-third interest subject, however, to the rights of his creditors, and each of the other heirs-at-law (excepting Maude McDonald) an undivided one-sixth interest, and asked that partition of the property be ordered upon the basis described. Plaintiff moved to strike the portions of the answers of defendants Walsh and Lenora M. Hyzer set forth, and the counter-claim of the latter, insisting that the interest of Maude McDonald in the premises was contingent during the ten-year period immediately following the death of Patrick H. Walsh, October 31, 1923, to October 31, 1933, and, accordingly, her quitclaim deed to defendant Walsh did not pass the title to any part of the three tracts. Plaintiff's motion was granted and the chancellor, on June 2, 1937, entered an order, conformably thereto, striking paragraph 4 of the answer interposed by defendant Walsh and paragraphs 3, 4 and 5 of Mrs. Hyzer's answer, on the ground that the enumerated paragraphs failed to set forth a defense, and likewise striking from the files the counter-claim of Mrs. Hyzer on the ground it alleged the same matters covered by plaintiff's complaint. From the order of June 2, 1937,

defendants John F. Walsh and his sister, Mrs. Hyzer, prosecute this appeal. On the following day, June 3, 1937, the court appointed a receiver to take immediate possession of the premises, collect the rents, pay the taxes, and preserve the property "pending the bill for partition herein filed." The receiver qualified on the day last named.

The sole issue which requires consideration is whether the order assailed was final or interlocutory. A judgment or decree is final and reviewable when it terminates the litigation on the merits of the case and determines the rights of the parties. (*People* v. *Stony Island Savings Bank,* 355 Ill. 401; *Free* v. *Successful Merchant,* 342 id. 27; *Rosenthal* v. *Board of Education,* 239 id. 29.) An order has the essential elements of finality when, if affirmed, the trial court has only to proceed with its execution. (*People* v. *Stony Island Savings Bank, supra; Rosenthal* v. *Board of Education supra; Peabody Coal Co.* v. *Industrial Com.* 287 Ill. 407.) Section 15 of the Partition act (Ill. Rev. Stat. 1937, p. 2340,) provides that the court, in a proceeding for partition, shall ascertain and declare the rights, titles and interest of all the parties to the litigation and render judgment according to the respective rights of the parties. By section 16 of the same statute, commissioners must be appointed to make partition of the premises when the court orders partition. A decree in a partition suit, it follows, declaring the interests of the parties and appointing commissioners, is final and appealable. (*Hardin* v. *Wolf,* 318 Ill. 48.) Similarly, a decree which denies partition is reviewable. (*Ames* v. *Ames,* 148 Ill. 321.) Obviously, the order of June 2, 1937, does not meet the foregoing requirements. Plaintiff's complaint prayed for partition and an accounting. The order which defendants attack neither ascertained nor declared the interests of the several parties to the suit; nor did it appoint commissioners to make partition. So far as the record discloses the chancellor merely sustained a motion to strike portions of the answers and

the counter-claim. The ensuing order does not purport to be a decree ordering partition or directing an accounting, thereby granting the relief sought by plaintiff. The question before us, in consequence, is not whether the court erred in entering a final decree of partition against defendants but whether such a decree was actually entered. Defendants have prosecuted the present appeal from an order interlocutory in character.

Plaintiff has failed to urge the question of jurisdiction. Consent or acquiescence, however, it is settled, cannot confer jurisdiction of the subject matter and it is our duty to decline to proceed in a cause where jurisdiction to determine it is wanting. *Dunavan* v. *Industrial Com.* 355 Ill. 444; *Chicago Portrait Co.* v. *Chicago Crayon Co.* 217 id. 200.

The appeal is dismissed. *Appeal dismissed.*