Florence E. Joseph, Appellee, v. Jude M. Joseph, Defendant.
Appeal of Eugene P. Meegan, Appellant.

Gen. No. 44,343.

Opinion filed December 30, 1948. Rehearing denied January 18, 1949. Released for publication January 18, 1949.

WILLIAM N. BRADY, of Chicago, for appellant.

GORSKI, HASSELL, GUYON & SINDEN, of Chicago, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Appellant, Eugene P. Meegan, appeals from an order that deleted from the decree in a divorce suit a provision for his fees as solicitor for appellee in the divorce proceeding. The order appealed from was entered about six months after the entry of the decree.

On January 10, 1947, the following decree was entered:

"DECREE FOR DIVORCE

"This cause coming on to be heard upon the Amended Complaint for Separate Maintenance of Florence E. Joseph, plaintiff, the answer of Jude M. Joseph, defendant thereto, the Counterclaim of Jude M. Joseph, counter-plaintiff for divorce on the grounds of cruelty, the answer of Florence E. Joseph thereto, and the amendment to the counterclaim of Jude M. Joseph, counter-plaintiff, and upon the evidence; and the parties appearing in open court in person or by their respective attorneys; and it appearing to the Court that counter-defendant, by her attorney in that behalf authorized, has waived and withdrawn her demand to trial of the issue by jury, and the parties, by their respective attorneys, agreeing and stipulating to have the cause heard by the Court; and it further appearing that the parties, by their respective attorneys, have agreed to submit the cause to trial on the Amended Complaint for Separate Maintenance of Florence E. Joseph and the counter-claim of Jude M. Joseph, and that the counter-plaintiff has moved to withdraw his amendment to his counter-claim for divorce and not to offer any evidence in support of said

amendment to said counter-claim; and the Court having heard the testimony of witnesses and having examined the documentary evidence offered, there being no testimony offered by Florence E. Joseph in support of her Amended Complaint for Separate Maintenance, and the Court having heard the arguments of counsel, and now being fully advised in the premises, Doth Find:

"1. That the Court has jurisdiction of the subject matter and the parties hereto.

"2. That the counter-plaintiff is, and since prior to the filing of the counter-claim for divorce, has been an actual resident of the County of Cook and has been a resident of the State of Illinois for over one year next before the filing of the counter-claim herein.

"3. That on the 31st day of July, 1936, at Noblesville, Indiana, the counter-plaintiff and counter-defendant were lawfully joined in marriage.

"4. That subsequent to their marriage the counter-defendant has been guilty of extreme and repeated cruelty toward the counter-plaintiff . . . .

"5. That one child was born of said marriage, to-wit, Judith Jacqueline Joseph, on January 20, 1942; that said child is now in the custody of counter-defendant, pursuant to an order of court heretofore entered.

"6. That the parties hereto are the owners in joint tenancy of a home at 398 Audubon Road, Riverside, Illinois; that said home, the household furniture and furnishings therein have been acquired with the funds and earnings of Jude M. Joseph; that it appears the counter-defendant, by an order of court previously entered herein, is required to make an accounting at the final hearing herein of the sum of $583.47 withdrawn by her from the counter-plaintiff's bank account and for the proceeds of war savings bonds of the principal amount of $1300.00 purchased by the counter-plaintiff and by the counter-defendant converted to

her own use; that it likewise appears that the counter-defendant has received the sum of $1350.00, representing the prepaid rental for nine month lease made by her to the person now in possession of the residence premises of the parties.

"7. That the parties hereto have entered into an agreement settling and adjusting their property rights and obligations. It is agreed that the parties, by their deed of conveyance, shall convey all their right, title and interest in and to the residence property at 398 Audubon Road, Riverside, Illinois, to the Pioneer Trust & Savings Bank, Chicago, Illinois, to be held by it in trust for the following use: A first mortgage loan shall be procured on said premises in a sum sufficient to pay counter-plaintiff the net sum of $7500.00, and shall pay all mortgage, title, trustees' and recording expense incident to said mortgage, *together with the sum of $750.00 to Eugene P. Meegan, her counsel, for his services rendered to counter-defendant in the proceeding;* and thenceforth the residence property shall be the property of counter-defendant, free of any interest or claim thereto of the counter-plaintiff. All of the household furniture and furnishings situated in said residence premises, with the exception of the personal belongings of counter-plaintiff and certain bedroom furniture being a family heirloom of counter-plaintiff, shall become the property of counter-defendant. In consideration of the receipt by counter-defendant of the entire interest in the residence premises of the parties, subject to the payment of the sum of $7500.00 as provided aforesaid, and for the household goods and furnishings transferred to her and in and for the further consideration of the waiver by the counter-plaintiff of an accounting to him by counter-defendant of the monies, bonds and rental income obtained and received by her, the counter-defendant has agreed to relinquish and waive all her claims to sup-

port and alimony, temporary and permanent, *and to pay her own attorneys' fees.*

"It Is, Therefore, Ordered, Adjudged And Decreed as follows:

"(1) That the complaint of counter-defendant, Florence E. Joseph, for separate maintenance be and the same is dismissed.

"(2) That the bonds of matrimony heretofore existing between the counter-plaintiff, Jude M. Joseph, and counter-defendant, Florence E. Joseph, be hereby dissolved and the same are dissolved accordingly.

"(3) . . .

"(4) That the parties hereto are individually ordered to execute all necessary documents to effectuate their property settlement agreement; that the residence property now held in joint tenancy by the parties shall be conveyed by them to the Pioneer Trust & Savings Bank, as Trustee, for the benefit and use of counter-defendant, Florence E. Joseph, who as beneficiary under said trust, shall direct and empower the said Trustee to make and execute its note and trust deed to evidence and secure a mortgage loan on said property in a sum sufficient to pay over to counter-plaintiff, Jude M. Joseph, cash amounting to $7500.00, and to pay all mortgage, title, trustees' and recording expenses incident to said mortgage, *together with the sum of $750.00 to Eugene P. Meegan, her counsel, for his services rendered to counter-defendant in this proceeding.* . . .

"(5) *That counter-defendant is liable for and shall pay her solicitors' fees;* that counter-plaintiff is excused from any liability for alimony and support to counter-defendant, such alimony having been expressly waived by counter-defendant.

"(6) . . . ."

Appellant, an attorney at law, represented Florence E. Joseph in the divorce proceedings, including the entry of the decree. Sometime after the entry of

the decree she discharged appellant as her solicitor and retained other counsel to represent her in the divorce proceedings, and they represent her upon the instant appeal. On June 13, 1947, appellee filed a petition in which she represented:

"12. Your petitioner further represents that said decree of divorce also provides that your petitioner pay to her attorney, Eugene P. Meegan, the sum of $750.00; that there is nothing in the record in this cause that would authorize the court to enter a decree directing your petitioner to pay her own attorney the sum of $750.00 for fees; that your petitioner never entered into an' agreement with said Eugene P. Meegan to pay him the sum of $750.00; that the question of the fees to be paid by your petitioner to said attorney is a matter of contract between your petitioner and said attorney and is not a subject to be ruled upon by the Court.

"13. Your petitioner further represents that your petitioner was advised, on numerous occasions, by said Eugene P. Meegan, that the defendant and counter-plaintiff would be required to pay his fee."

She prayed, *inter alia*, "that the decree of divorce heretofore entered in this cause may be modified in that that portion of said decree which directs your petitioner to pay to Eugene P. Meegan the sum of $750.00 may be stricken from said decree." Appellant filed a motion to strike, in which he contended that the court was without jurisdiction to modify or vacate the decree because appellee's petition to modify a certain portion of the decree was filed more than thirty days after the entry of the decree, and that "a proper proceeding would have been a complaint in chancery in the nature of a bill of review." Appellant's motion to strike was overruled, and the chancellor, on July 9, 1947, entered the following order:

"This cause coming on to be heard on the petition of the plaintiff and counter-defendant for a modification of the decree of divorce heretofore entered in the

above entitled cause, and the Court having heard arguments of counsel and being fully advised in the premises, Doth Find that it has jurisdiction of the parties hereto and the subject matter hereof.

"It Is Therefore Ordered, Adjudged And Decreed that the decree of divorce heretofore entered in this cause on the 10th day of January, A. D. 1947, be, and the same is hereby, ordered modified in the following manner:

"By deleting or striking from said decree the following words: 'together with the sum of $750.00 to Eugene P. Meegan, her counsel, for his services rendered to counter-defendant in the proceeding', which appear on the fourth page of said decree, commencing in the third line and ending in the fifth line, and by deleting or striking from said decree the following words: 'together with the sum of $750.00 to Eugene P. Meegan, her counsel, for his services rendered to counter-defendant in this proceeding', which appear in Paragraph No. 4 on the fifth page of said decree, commencing in the 12th line and ending in the 14th line of said paragraph."

Appellant's appeal is from that order.

Appellant contends that "the court was without jurisdiction to enter an order modifying the decree after thirty days had elapsed after the entry of such decree." Appellee concedes that the court had jurisdiction of the parties and the divorce proceedings but she contends that "the Divorce Statute of the State of Illinois does not authorize a chancellor hearing a divorce case to order a litigant to pay his or her own attorney's fees," and therefore "the portion of the decree relating to the payment of $750.00 by the appellee to her own attorney was an absolute nullity" and "could be attacked at any time in any proceeding." In *Sheahan v. Madigan*, 275 Ill. 372, the court states (p. 377):

"A judgment rendered by a court having no jurisdiction to hear and determine the case is an absolute

nullity and may be attacked at any time and in any proceeding. (*Demilly v. Grosrenaud,* 201 Ill. 272.) Where a court has jurisdiction of the subject matter and the parties its judgments or decrees cannot be questioned collaterally, no matter how erroneous they may be. (*Spring v. Kane,* 86 Ill. 580; *Swiggart v. Harber,* 4 Scam. 364; *Marsh v. Irwin,* 168 Ill. 50; *Stempel v. Thomas,* 89 id. 146.) The judgments and decrees of courts having jurisdiction are final and conclusive between the parties until reversed in a direct proceeding in the manner provided by law, and they are immune from collateral attack. The immunity rests upon the power to hear and determine the cause, and it is not affected by any error, however gross.''

The foregoing rules have been stated and followed in many cases. When appellant's contention is tested by the said rules it is clear that it must be sustained.

*Anderson v. Anderson,* 380 Ill. 435, cited by appellant, is in point upon the question before us. There the trial court awarded the wife a divorce from her husband on the ground of habitual drunkenness, gave her the custody of their ten year old daughter and directed the master in chancery to sell 160 acres of appellant's farm land and bring the proceeds into court. The husband thereafter *filed a motion in the trial court to vacate the decree, which was overruled. He then perfected an appeal from the order overruling his motion to vacate and from the decree granting the divorce.* The Supreme court states in its opinion (pp. 438, 439):

''It is claimed the decree was void for want of jurisdiction, therefore subject to collateral attack, and for that reason the motion to vacate should have been sustained. The jurisdictional question challenges that part of the decree which ordered the sale of appellant's lands. Appellant concedes the circuit court may, in the exercise of the jurisdiction it has in divorce matters under the Divorce act, decree that land of the husband be sold but he contends that the power to

make such sales is limited in its operation to certain facts and circumstances which do not appear in this record. As will be hereinafter pointed out, we agree the facts do not support the decree in that regard, but such deficiency in pleadings and evidence does not render the decree void and therefore subject to collateral attack. Where a judgment is entered by a court having no jurisdiction to hear and determine the case, it is an absolute nullity and may be attacked at any time and in any proceeding, (*Demilly v. Grosrenaud,* 201 Ill. 272,) but where a court has jurisdiction of the subject matter and the parties, its judgment or decree cannot be questioned collaterally no matter how erroneous it may be. (*Sheahan v. Madigan,* 275 Ill. 372; *Marsh v. Irwin,* 168 id. 50.) In the instant case the circuit court had jurisdiction of the parties and jurisdiction to grant a divorce, award alimony and maintenance and to make a property settlement. It had no authority to decree a sale of appellant's farm land under the circumstances but that did not render the decree void, it was merely erroneous. *Kohl v. Montgomery,* 373 Ill. 200.

"The record shows the decree was entered July 28, 1941, but appellant contended in his motion and urges on this appeal that it was not entered until the week of August 18. The motion to vacate was filed September 16, which was more than thirty days after the date of July 28, but within the thirty days from the date appellant contends to have been the correct date. If such contention was sustained, the effect of finality given a decree by the statute after a lapse of thirty days from its entry (Ill. Rev. Stat. 1941, chap. 110, par. 174 [Jones Ill. Stats. Ann. 104.050],) would be overcome and some of the points urged in support of the motion to vacate would be available, having been made within the thirty-day period."

The court also *passed upon the appeal from the decree itself,* and held that the record failed to show any special equities entitling the appellee to a conveyance

of the appellant's real estate either in the pleadings or the evidence and that the decree was therefore erroneous in that regard, and reversed that part of the decree which directed the sale of appellant's real estate. The *Anderson* case squarely holds that where a decree for divorce contains an erroneous provision for the transfer of real estate, that portion of the decree will be reversed *on appeal from the decree,* but that the trial court was without jurisdiction to correct the error after thirty days had passed from the entry of the decree and that its action in overruling the motion of the defendant to vacate the decree was justified. In the instant case the appeal is from an order modifying the decree on a motion made more than thirty days after the decree was entered. The *Anderson* case is cited and followed in *Ward v. Sampson,* 395 Ill. 353, 361.

Appellee has failed to cite a single case that supports her position. *Demilly v. Grosrenaud,* 201 Ill. 272, holds that the Circuit court had no jurisdiction of the subject matter on appeal from a judgment of a justice of the peace where there was no transcript of the proceedings. *Harty Bros. v. Polakow,* 237 Ill. 559, holds that where a court does not have jurisdiction of the subject matter it cannot be invested with jurisdiction by consent of the parties. In *Town of Audubon v. Hand,* 223 Ill. 367, the same ruling was announced. We hold that the chancellor was without jurisdiction to enter the order of July 9, 1947.

Appellee has filed a motion in this court to dismiss the appeal upon the ground that appellant "is not a party litigant" in this action. This motion will be denied. (See *People v. Kennedy,* 367 Ill. 236; *Lenhart v. Miller,* 375 Ill. 346, 352; *People v. City of Peoria,* 378 Ill. 572, 576.)

The decretal order of the Circuit court of Cook county entered July 9, 1947, is reversed.

*Decretal order entered July 9, 1947, reversed.*

SULLIVAN, P. J., and FRIEND, J., concur.