### CORDREY v. GERSTEL.

#### No. 12740.

United States Court of Appeals
Fifth Circuit.

March 31, 1950.

Herbert L. Nadeau, Thomas H. Anderson, Miami, Fla., for appellant.

L. G. Woodard, George A. Brautigam, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and WALLER and RUSSELL, Circuit Judges.

WALLER, Circuit Judge.

A bill of complaint was filed by the appellant against Bonard Baker Timmons, in the State Circuit Court of Dade County, Florida, alleging that he had absconded with certain monies belonging to the plaintiff and had invested same in a bar in

Miami. A receiver was appointed in that suit by the State Court who sold the premises for $3,500.00.

Thereafter the defendant was adjudged a voluntary bankrupt and appellee was appointed as trustee, to whom the State Receiver turned over the net proceeds of the sale of the bar. Bankrupt applied to the Court in bankruptcy to enjoin the proceedings in the State Court wherein the appellant was seeking to impress a lien or a trust upon the proceeds of such sale. The Referee, sitting as Special Master, recommended that since the State Court case was nearing conclusion, and the claim of the appellant in the State Court was practically adjudicated, the petition for injunction should be denied and the issues determined in the State Court. This recommendation was approved by the District Judge and the State Court proceeded to a final decree on August 11, 1948, wherein it was adjudged that the appellant had furnished to the bankrupt chickens and feed of a value in excess of $20,000.00 under an agreement that the plaintiff was to be paid out of the proceeds of the first sale of the chickens; and that the defendant, Bonard Baker Timmons, had absconded with the proceeds of the sale of the chickens; and that said funds were trust funds, a part of which the bankrupt had invested in the bar above mentioned, with the result that the plaintiff was entitled to an equitable lien on the entire proceeds of the sale of the bar, less expenses.

Appellant, on November 4, 1947, filed objection to an allowance of the statutory exemption of $1,000.00 to the bankrupt on the ground that the funds were trust funds belonging to him and not to the bankrupt. The Referee, on June 18, 1948, allowed the exemption and directed the Trustee to pay it over to the bankrupt. On the 23rd of June, 1948, a petition for review of that order was filed by the appellant, in which petition he asserted that it had been duly proven in the State Court that the funds were trust funds belonging to him. Counsel for the appellant later (on January 24, 1949) filed with the lower Court, in connection with this petition to review, a certified copy of the judgment rendered in the

State Court holding the funds to be trust funds belonging to the appellant.[1]

The net proceeds of the sale then were, and still are, in the hands of the Trustee.

In view of the recommendation of the Referee that the State Court be permitted to determine the liability against the bankrupt as to whether or not the funds in question were trust funds, and the approval of this recommendation by the District Judge, we think that no action on the claimed exemption should have been taken by the Referee or by the lower Court prior to the disposition of the State Court case, since a determination by the State Court that the funds were trust funds belonging to the plaintiff would, of necessity, require a holding that the bankrupt would not be entitled to claim any exemption therein. It was also error to allow the exemption to the bankrupt after it was made known to the Court below that the State Court had rendered a final judgment holding these funds to be trust funds and the lower Court ought to reopen the matter and vacate the order allowing the exemption.

The order of the Court below is reversed and the cause is remanded with directions to vacate and set aside the order allowing the exemption to the bankrupt and to order that such sum be deemed and dealt with as the funds of the appellant.

Reversed and remanded.

1. It appears that the certified copy of this judgment was not before the Referee but was presented to the Judge on the same day that he approved the action of the Referee, as shown by the following notation by the Judge: "Submitted by objecting creditors but not considered by the Court in the making of its ruling."