John W. Coolbaugh, Plaintiff-Appellant, v. Elizabeth Ann Coolbaugh, Defendant-Appellee.

Gen. No. 61-O-4.

Fourth District.

January 26, 1962.

Earl L. Vuagniaux, of Edwardsville, for appellant.

Dick H. Mudge, Jr., of Edwardsville, for appellee.

SCHEINEMAN, J.

This is an appeal from a circuit court order granting a motion to modify a divorce decree. The motion was filed more than 30 days after the entry of the original decree and does not purport to claim that there was any change in conditions to justify a modification.

It appears that plaintiff filed a suit for divorce February 13, 1959, in which suit the defendant filed a motion to dismiss, but no action was taken on the motion. On January 13, 1960, the plaintiff filed another suit for divorce and obtained a waiver of the 60-day period then provided for in the statute. The defendant was served with summons in this case, but made no appearance and a decree was entered February 16, 1960, granting a divorce to plaintiff upon default. During this period of time there was no change in the representation of the parties by their respective attorneys.

On June 3, 1960, approximately three and a half months after the entry of the decree, defendant's attorney filed an unverified motion to set aside, or in the alternative, to modify the decree. The motion alleged the pendency of the previous suit involving the same parties and subject matter; that the waiver of the 60-day waiting period was obtained by a fraudulent and insufficient affidavit; and that the decree was obtained by deceit perpetrated upon the court by the plaintiff and his attorneys and, therefore, was a nullity. The motion was heard and an order was entered modifying the decree, fixing the value of the personal property owned by the parties and ordering the plaintiff to pay one-half of the value to the defendant.

446

■ There can be no question that, if the court had jurisdiction of the subject matter and the parties when it entered a final decree for divorce, any attempt to alter or vacate a decree more than 30 days after the entry thereof is a collateral attack upon the decree. People v. O'Keefe, 18 Ill2d 386, 164 NE2d 5; Cherin v. The R & C Co., 11 Ill2d 477, 143 NE2d 235.

■ The defendant argues on this appeal, that the motion to vacate or modify is sufficient under Section 72 of the Practice Act. The section referred to constitutes a simple change in procedure, substituting a motion for several types of procedure previously in use. There must be an end to litigation, and Section 72 does not, in any way, change the requirements of the law as to the finality of judgments and decrees. It does not confer upon a trial court blanket authority for a two-year period to set aside or alter its final decree entered in a case where it had jurisdiction of the subject matter and the parties.

■ It is true that the procedure under Section 72 of the Practice Act may be used in the rare type of case where a judgment could be vacated or modified after the expiration of 30 days. One of the grounds long recognized as a basis for such relief was the fact that the judgment, or decree, had been obtained by fraud or under such circumstances that the court obtained no more than colorable jurisdiction; but, after acquiring complete jurisdiction, a collateral attack cannot be based on subsequent fraud, such as in evidence, or concealment. Barnard v. Michael, 392 Ill 130, 138, 63 NE2d 858.

■ The fact that there may have been errors or defects in the procedure, whereby the waiver of the 60-day waiting period was obtained, does not afford ground for relief under Section 72 of the Practice Act. Van Dam v. Van Dam, 21 Ill2d 212, 171 NE2d 594.

■ There is no law against a party filing more than one suit on the same claim and against the same party. It is true that the first case filed has a limited right to priority, and its pendency could be asserted by motion in the second case under Section 48 of the Practice Act. If the defendant desires to insist on proceeding in the first case, it is defendant's duty to assert his right in the later case, and a failure of the defendant to assert it constitutes a waiver of the priority. Paskewie v. East St. Louis & Suburban R. Co., 197 Ill App 1; Olofsson v. Wood, 23 Ill App2d 32, 161 NE2d 681; 21 CJS, 754, Courts, Sec 492.

When the defendant was served with summons in the second case, it was her duty to take it to her attorney who could then have raised the defense of the prior suit pending if he so desired. Having failed to do so, the right to assert the defense has been waived. The divorce decree was entered by a court that had jurisdiction of the subject matter and of the parties, and the failure of the defendant to assert an available defense does not make the plaintiff guilty of any fraud.

■ The mere use of the word, "fraud," in a motion or petition does not bring it within the requirements of a motion under Section 72 of the Practice Act. The facts alleged in the motion in this case are not sufficient to sustain a collateral attack on the final decree of divorce. The order purporting to modify the divorce decree was entered after the court had lost jurisdiction over that decree and is, therefore, reversed.

Order reversed.

HOFFMAN, P. J. and CULBERTSON, J., concur.