SHARON F. BULLER, Plaintiff-Appellant, *v.* HERBERT S. BULLER, Defendant-Appellee.

(No. 72-115; ▮▮▮▮▮▮▮▮

Third District—January 18, 1973.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Robert W. Brinn, of Rock Island, for appellant.

Sam L. Oakleaf and Carl H. Wilson, both of Moline, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Rock Island County in which the court refused to give effect to the determination by the Federal Referee in Bankruptcy establishing a homestead estate in Sharon F. Buller. The referee in bankruptcy of the United States District Court for the Southern District of Illinois, Northern Division, had declared that Sharon F. Buller possessed a $5000 homestead estate which was established by the then-applicable provisions of section 1, chapter 52, of Ill. Rev. Stat. 1967, in a parcel of rural real estate located in Moline, Illinois.

On May 12, 1969, Sharon F. Buller sued Herbert S. Buller for divorce in the circuit court of Rock Island County. On November 24, 1969, the circuit court entered a decree of divorce. The decree terminated the marriage, allowed Sharon to reside for a period of at least one year at the Moline property, and required that Herbert pay the mortgage, costs and taxes on the parcel for one year. It also provided that the Moline residence thereafter could be sold upon the demand of Herbert, and, in that event, the net proceeds of sale would be divided equally between Sharon and Herbert. By the terms of the decree, Sharon was required to quit-claim to Herbert her interest in two other parcels of real property.

Sharon and Herbert owned their interests in the Moline property as joint tenants with right of survivorship. The decree of divorce did not mention any estate of homestead, but it did dispose of all the parties' real estate including all interest in the Moline parcel.

On February 20, 1970, Herbert Buller filed his petition in bankruptcy and was adjudicated a bankrupt. When he filed his petition, Herbert was residing with his son in Rock Island on a parcel of real estate in which Sharon had conveyed all her interest to Herbert in accordance with the decree of divorce. In order to protect her interest in the Moline property in which she was residing, Sharon Buller intervened in the bankruptcy proceedings. She claimed for herself, an estate of homestead in the Moline parcel in the amount of $5000. The referee awarded Herbert a homestead in his Rock Island property and the referee found Sharon to be the "householder who is entitled to the homestead exemption" with respect to the Moline property. In effect, this would have established in Sharon a $5000 priority in distribution of proceeds from the Moline parcel.

On July 8, 1970, following the referee's decision, the trustee in bankruptcy disclaimed all right, title and interest that he, as trustee for Herbert's creditors, had in the Moline property. The trustee in bankruptcy had determined that Sharon's and Herbert's equity in the Moline property approximated $6200 to $11,200. Later, on May 10, 1971, Sharon Buller petitioned the circuit court of Rock Island County to set off the homestead estate that she contended the referee had awarded to her. In response to her petition, the circuit court on May 24, 1971, ordered that the first $5000 of the proceeds of any sale of the Moline property be paid to Sharon Buller. Herbert and Sharon thereafter sold the Moline property but the purchaser refused to disburse $5000 of the proceeds until Sharon or Herbert obtained a court order explicitly directing to whom the purchaser would pay such amount. Sharon thereupon, on September 24, 1971, petitioned the circuit court to construe and modify the pre-existing decree of divorce. Herbert Buller filed an answer to Sharon's petition, and under section 72 of the Illinois Civil Practice Act, also filed a petition of his own asking the circuit court to reverse its May 24, 1971 order to cause the original terms of the decree of divorce govern the disposition of the proceeds of the sale of the Moline property. On December 29, 1971, the circuit court of Rock Island County reversed its order of May 24, 1971, and ordered that all net proceeds of the Moline property be divided equally between Herbert and Sharon in accordance with the terms of the original decree of divorce. Sharon Buller now appeals from the December 29, 1971, order.

It is clear that the trustee in bankruptcy abandoned all interest in the

parcel of real estate in which the title was held jointly by Herbert and Sharon Buller. As a consequence, such title as existed in the property before the trustee assumed jurisdiction reverted to Herbert and Sharon. The abandonment operates so that the title is in the same condition as if there had never been a trustee in bankruptcy appointed, that is, the condition of the title is the same as of the date of filing of the bankruptcy proceeding. Since the interest in the real estate, insofar as it involved Herbert's property interest in bankruptcy, was abandoned under an order therefor, the bankrupt Herbert could reassert whatever title he had prior to bankruptcy. (9 Am.Jur.2d 707.) As stated in 9 Am.Jur.2d sec. 943, at page 707:

> "Whatever title or interest may pass to the trustee in bankruptcy as of the filing of the petition in bankruptcy is extinguished as of that date when the court, acting upon the representation of the trustee that the property is burdensome to the estate, orders the trustee to abandon and disclaim it."

The title, therefore, is controlled by the previously existing decree of divorce and that decree of divorce adjudicated all interest of Sharon and Herbert in the property. Sharon and Herbert were, therefore, entitled to whatever interest the decree of divorce granted them, that is, a one-half interest to each, no subject to the homestead claim of either party, or any other claims of Herbert or Sharon as against each other. The court granting the decree of divorce acted under the Illinois statute in disposing of all interest of the two parties in the Moline property. It provided that Sharon was to have the right of a year's occupancy of the property and then, at the direction of Herbert, a sale could be made and all of the proceeds following the sale were to be divided equally between Herbert and Sharon. The court specifically limited Sharon's right to reside in the property. In the situation before us, we find that the homestead rights of the respective parties as against each other were disposed of by implication by the terms of the disposition contained in the decree of divorce. (Cf. *LaPlacka v. LaPlacka*, 5 Ill.2d 468, 126 N.E.2d 239.) While the referee in bankruptcy was vested with power to adjudicate the interest of the bankrupt and others having interests in common with him, the termination of the circuit court that the net proceeds of sale were to be divided as between the parties equally, was binding upon the referee in his determination of the respective rights of Sharon and Herbert as against each other. Insofar as rights of creditors of Herbert are concerned, the referee would have the right to make a determination of those rights in the property interest owned by Herbert. All interest in the Moline property, however, was abandoned by the trustee. The prior decree of the circuit court should have been regarded as *res adjudicata* as

respects the interest of Sharon and Herbert as against one another. The referee in bankruptcy, if properly so advised, would certainly have deferred to the circuit court's prior decision in this respect. See *e.g. Cordray v. Gerstel*, 180 F.2d 760.

The circuit court had retained jurisdiction of the divorce action and of both Herbert and Sharon for the purpose of enforcing compliance with the mandate of the divorce decree. When the interest of Herbert fortuitously again became disposable in accordance with the decree of divorce, the circuit court properly ordered the proceeds of sale of the property to be divided equally between Herbert and Sharon in accordance with the decree.

Sharon argues in this court that Herbert received one homestead exemption from the trustee, and that, if she were denied the exemption which the referee gave to her, Herbert in effect would enjoy one and one-half exemptions. As we view it, Herbert's creditors in bankruptcy would be the only parties as to whom such disposition would be prejudicial. Herbert and Sharon were bound by the decree of divorce. As a matter of fact, Herbert's right to the other property would have been unimpaired, in any event, if it were not for the intervention of creditors, and there would be no actual change in Herbert's position as against Sharon as a result of the bankruptcy other than to make Herbert's interest subject to claims of creditors in the property not held jointly by the two parties. Sharon will receive precisely what the decree of divorce stated she should receive.

For the reasons stated, the judgment of the circuit court of Rock Island County will be affirmed.

Affirmed.

STOUDER, P. J., and DIXON, J., concur.