RICHARD LEE TUCKER, Plaintiff-Appellee, v. DONNA DELORES TUCKER, Individually and as Mother and Next Friend of Eric Dean Tucker, et al., Defendant-Appellant.—(BEATRICE DAISY TUCKER, Defendant-Appellee.)

(No. 12236; ▮▮▮▮▮▮▮▮▮▮)

Fourth District—June 12, 1975.

*Rehearing denied July 16, 1975.*

John L. Knuppel, of Knuppel, Grosboll, Becker & Tice, of Petersburg, for appellant.

L. Milton McClure, of McClure, McClure & Brannan, of Beardstown, for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant, Donna Tucker, herein designated wife, appeals from a decree of partition of a joint tenancy and from denial of her motion to set off homestead in the real estate. She also appeals from an order denying her motion as next friend of minor children to dismiss the partition proceedings alleging that it was against public policy for the husband and wife to partition or dispose of real estate unless they had provided minor children with another homestead.

The trial court denied the wife's motion to set off homestead, ruling that the equities between the parties had been considered in a prior divorce

decree which provided that the parties should share the homestead equally.

The trial court denied the motion to dismiss filed in behalf of the minor children, concluding that there were no legal grounds for such motion and that the divorce decree entered provided for the welfare of the children as well as the other equities of the case.

It is argued here that the divorce decree is void upon its face for the reason that such decree granted each party a divorce from the other upon the grounds of mental cruelty. In *Mogged v. Mogged,* the trial court entered a decree of divorce in favor of each party upon the grounds of mental cruelty. The husband appealed apparently upon the ground that the evidence did not support a finding of his fault. The appellate court (5 Ill.App.3d 581, 284 N.E.2d 663) found that the evidence supported the decree. That court determined that the real issue was whether the doctrine of recrimination could automatically bar a divorce when each party was guilty of misconduct of equal quality and concluded that the doctrine of recrimination was a matter for the exercise of sound judicial discretion dependent upon public policy, the welfare of the parties and the exigencies of the case. Finding no abuse of such discretion, the court affirmed.

■■ The supreme court (55 Ill.2d 221, 302 N.E.2d 293) reversed, noting that divorce was a remedy granted only through the General Assembly and that the 1974 Divorce Act had been construed in *Duberstein v. Duberstein,* 171 Ill. 133, as only affording relief to a wronged party and withholding relief from parties who were equally to blame. The court concluded that it was not for the court to modify the long-established doctrine of recrimination but that abolition or modification of the doctrine should await legislative action. The cause was remanded because the record disclosed that the trial court entered its decree before the parties had completed the evidence introduced at the hearing.

In the light of *Mogged,* the issue here is whether the decree is void and subject to collateral attack at any time or is merely erroneous and only voidable upon direct proceedings.

■■ It is stated that where the court had jurisdiction of the parties and of the subject matter, a decree cannot be the subject of collateral attack no matter how erroneous. (*Anderson v. Anderson,* 380 Ill. 435, 444 N.E.2d 54; *Joseph v. Joseph,* 336 Ill.App. 258, 83 N.E.2d 600; *Coolbaugh v. Coolbaugh,* 33 Ill.App.2d 444, 178 N.E.2d 702.) Conversely, if the court has no jurisdiction to hear and determine the case, the decree is a nullity and may be attacked at any time or in any proceeding. (*Anderson v. Anderson,* 380 Ill. 435, 44 N.E.2d 54; *Riddlesbarger v. Riddlesbarger,* 336 Ill.App. 226, 83 N.E.2d 382; *Geiermann v. Geiermann,* 12 Ill.App.2d 484,

139 N.E.2d 838.) Here, there is no contention that there was a want of jurisdiction of the subject matter or the parties in the divorce proceeding.

The *Mogged* opinion does not discuss the divorce decree in the context of being void. Upon the analogy of the opinion in *Collins v. Collins*, 14 Ill.2d 178, 151 N.E.2d 813, we conclude that the issue here was erroneous and subject to attack in direct proceedings for review, but was not void and subject to collateral attack. In *Collins*, the wife procured a divorce upon the grounds that the spouse was guilty of habitual drunkenness for a period of 2 years. After the death of the husband, the wife brought proceedings under section 72 of the Civil Practice Act to vacate the decree. The trial court found that the divorce decree was void for the reason that the record showed that the decree of divorce was entered about 18 months after the date of the marriage so that the statutory requirement of a period of 2 years was not met. The supreme court determined that the section 72 proceeding permitted examination of the divorce decree as in a bill of review for purposes of granting relief where errors are apparent on the face of the record. It affirmed the trial court because the face of the record showed that the divorce decree was contrary to a rule of law or a statutory provision. The dissenting opinion points out that the initial opinion of the court ruled that the divorce decree was void in that the trial court had been without jurisdiction to enter it. It is further disclosed that upon a petition for rehearing, such opinion was modified to eliminate the holding that the decree was void for want of jurisdiction and to adopt the view that the divorce decree was erroneous and should be reversed for the error appearing on the face of the record.

Again, in *Joseph v. Joseph*, 336 Ill.App. 258, 83 N.E.2d 600, the decree of divorce directed that the wife pay her attorney's fees from the proceeds of the divorce settlement. Six months after the decree, she procured an order deleting such provision and the attorney appealed. The wife contended that the divorce statute does not authorize the court to direct a litigant to pay her own attorney's fee and that such decretal provision was a nullity. Finding that the trial court had had jurisdiction of the parties and the subject matter at the time of the decree, the court quoted from *Sheahan v. Madigan*, 275 Ill. 372, 114 N.E. 135:

> " "* * * Where a court has jurisdiction of the subject matter and the parties its judgments or decrees cannot be questioned collaterally, no matter how erroneously they may be. (*Spring v. Kane*, 86 Ill. 580; *Swiggart v. Harber*, 4 Scam. 364; *Marsh v. Irwin*, 168 Ill. 50; *Stempel v. Thomas*, 89 id. 146.) The judgments and decrees of courts having jurisdiction are final and conclusive between the parties until reversed in a direct proceeding in the man-

ner provided by law, and they are immune from collateral attack. The immunity rests upon the power to hear and determine the cause, and it is not affected by any error, however gross.'" (336 Ill.App. 258, 265.)

(See also *Anderson v. Anderson,* 380 Ill. 435, 44 N.E.2d 54.) For such reason we conclude that error in the divorce decree is not the subject of review upon appeal from the decree in partition.

■■ In argument it is urged that the wife has an absolute right to have a homestead interest setoff and that the court cannot order a sale unless a homestead has been set off, and that if the property is sold without such setoff of homestead there would be a cloud upon the title.

Such argument is premature or prospective only for this record does not contain an order for the sale of real estate. It appears, however, that a decree in partition finding the interests of the parties and appointing commissioners is appealable. (*McDonald v. Walsh,* 367 Ill. 529, 12 N.E.2d 206.) We presume that the contention is that the partition was erroneous in that it did not require commissioners to set off homestead.

In the context of divorce, section 5 of the Homestead Act (Ill. Rev. Stat. 1971, ch. 52, par. 5) provides:

"In case of a divorce, the court granting the divorce may dispose of the homestead estate according to the equities of the case."

■■ In *La Placa v. La Placa,* 5 Ill.2d 468, 471, 126 N.E.2d 239, the court said that the right to set off homestead, or the monetary equivalent:

"* * * is made contingent upon whether the claimant under the circumstances is the one who is entitled to that exemption."

In that case there was partition but no determination of the homestead interests in the divorce decree. The trial court found that neither spouse was entitled to homestead. The wife appealed, contending that (1) there was no power to partition because the homestead interests had not been set off, or (2) that there was no power to decree partition without setting off homestead or of the statutory sum if necessary to sell. The court said that section 16 of "An Act to revise the law in relation to husband and wife" (Ill. Rev. Stat. 1971, ch. 68, par. 16), does not create an unconditional bar against partition but "at most requires the monetary equivalent of the interest" and that a person entitled to homestead cannot prevent partition and thus enlarge his estate. That opinion concluded that where a home is involved one of the parties is not entitled to an additional interest for his or her homestead, and that if the respective spouses possess an equal interest an equal division of the property produces no harm. The decree of partition was affirmed. See also *Hitchcock v. Hitchcock,* 373 Ill. 352, 26 N.E.2d 108.

In *Heldt v. Heldt,* 29 Ill.2d 61, 193 N.E.2d 7, the wife brought an action

for partition of the joint tenancy in the home which each spouse occupied. The trial court expressly refused to set off homestead and the husband contended that the court erred in such refusal. That opinion distinguished the "earlier cases" where one spouse had succeeded to the homestead or where one spouse had abandoned the homestead and affirmed the decree. Here, the divorce decree determining the interests of the parties eliminates the issue of succession to the homestead by the wife, or the abandonment of the homestead by the husband.

In *Buller v. Buller,* 9 Ill.App.3d 125, 292 N.E.2d 100, the divorce decree provided that the residence be sold and the proceeds divided equally. The wife asserted a homestead interest in the property. The court found that as between the parties the decree of divorce disposed of the homestead rights by implication. The opinion was founded upon the authority of *La Placa.*

■■ The wife relies upon and quotes language from *Brod v. Brod,* 390 Ill. 312, 61 N.E.2d 675, and *Klebba v. Klebba,* 108 Ill.App.2d 32, 246 N.E.2d 681. In *Brod,* the decree for partition found that the wife was entitled to an estate of homestead, but did not direct that it be set off. The supreme court held that such decree should direct the commissioners to set off homestead. That opinion stated that a wife could only be deprived of an interest in the homestead by her consent, by abandonment, or by a "decree of divorce making disposition of the homestead estate." So, in *Taylor v. Bukowski,* 19 Ill.2d 586, 169 N.E.2d 89, it is said that the issues as to the equities between the husband and wife should be determined in the divorce proceeding and if such divorce decree does not dispose of the homestead, the interest will be disposed of in the partition proceeding according to the Homestead Act. In this case the divorce decree determined the homestead interests and such determination was followed in the partition decree.

The wife relies upon language from *Klebba.* That case does not concern the partition of property jointly owned by the parties, but was a direct review of a divorce decree. That opinion held that the trial court had arbitrarily deprived the innocent wife of a homestead in real estate owned by the husband. It does not reach the issue here.

■■ It is argued that section 16 of "An Act to revise the law in relation to husband and wife" (Ill. Rev. Stat. 1971, ch. 68, par. 16) expresses a policy that minor children are entitled to provision for a home and that the decree of partition and sale thereunder would frustrate such policy if homestead was not set aside. In argument upon appeal it is contended that the premises cannot be partitioned as long as they are occupied as a home by the minor children, or in the alternative, that this court should reverse and remand with directions that the trial court require com-

missioners to set off homestead. This argument has heretofore been made and expressly rejected in *La Placa v. La Placa*, 5 Ill.2d 468, 126 N.E.2d 239; *Heldt v. Heldt*, 29 Ill.2d 61, 193 N.E.2d 7, and *Davis v. Davis*, 128 Ill.App.2d 427, 262 N.E.2d 788.

The decree of the trial court is affirmed.

Affirmed.

SIMKINS, P. J., and SMITH, J., concur.