(No. 19477.—

JOSEPH H. FREE, Defendant in Error, *vs.* THE SUCCESSFUL MERCHANT, Plaintiff in Error.

*Opinion filed December 18, 1930.*

CAVENDER, MILCHRIST & KAISER, for plaintiff in error.

M. V. MINAHAN, for defendant in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

Defendant in error, Joseph H. Free, filed his bill for an accounting in the circuit court of Cook county against Charles Lane Bowes, the Successful Merchant, an Illinois corporation, and the General Millwork Company, a Maine corporation, to recover certain salaries and commissions alleged to be due him. The defendants filed a joint and

several answer, in which they denied the right to recover. Prior to the hearing before the chancellor it was stated that the only issue was to determine what were the terms of the contract between the parties, that the testimony should be limited to that question, and if the court found that the bill was sufficient and defendant in error was entitled to an accounting, that question would be later considered. The only evidence offered was by defendant in error. The chancellor found that he was entitled to an accounting against the Successful Merchant and a decree was entered accordingly. A joint and several appeal was prayed to the Appellate Court for the First District, but it was perfected only by the Successful Merchant. In the Appellate Court a motion was made to dismiss the appeal on the ground that the decree was interlocutory and not final, which motion was sustained, the appeal was dismissed, and the case comes to this court upon a writ of *certiorari*.

The only question before this court is whether the decree was final or interlocutory and whether the appeal was properly dismissed. A decree is final and appealable only where it terminates the litigation between all of the parties on the merits so that when it is affirmed the court below has only to proceed with its execution. A decree is final and appealable even though incidental matters may be reserved for consideration and it directs a reference to a master to state an account. (*Eich* v. *Czervonko,* 330 Ill. 455; *People* v. *Village of Niles Center,* 306 id. 145; *Peabody Coal Co.* v. *Industrial Com.* 287 id. 407; *Rosenthal* v. *Board of Education,* 239 id. 29; *Gray* v. *Ames,* 220 id. 251.) In *Barnes* v. *American Brake-Beam Co.* 238 Ill. 582, it was held that a decree for an accounting which fixes the complainant's rights as to some of the defendants but reserves for final consideration the question of the liability of some other defendants is merely interlocutory and may be reversed on appeal from a final decree dismissing the bill as to some of the defendants whose rights had not

been determined and as to one defendant against whom the first decree ran.

The bill in this case alleged that on June 13, 1921, Bowes represented himself to be the principal officer, person controlling and the owner of said two corporations, which merely represented different branches of various enterprises then and there conducted by Bowes, and that he verbally agreed that Free should be employed as a salesman, sales-manager and solicitor for Bowes personally and for said two corporations, as well as another department run by Bowes and known as the Architectural and Publicity Bureau; that defendant in error entered upon the employment and performed services thereunder, but that Bowes and the two corporations combined and confederated to fraudulently prevent the payment of commissions earned by him. The various services performed and the conduct of Bowes and the two corporations are set forth, and the prayer is for an injunction, a receiver, discovery and an accounting.

The decree found that on June 15, 1921, Free and the Successful Merchant entered into a verbal contract whereby Free was employed as sales-manager, salesman and solicitor to sell the goods and merchandise of the Successful Merchant in Cincinnati, Ohio, and that he entered upon his employment and continued in such employment until November 28, 1923. It recites the terms of the original contract, the changes made therein from time to time, the amounts due on certain specific dates, and that no true, complete and accurate account had been had between the parties. It found that the allegations of the amended and supplemental bill are substantially true and correct as therein alleged and charged; that the equities of the cause are with Free and against the Successful Merchant, and the latter is ordered to render a full, true and complete account of its dealings with Free from June 15, 1921, to November 28, 1923. The cause was referred to a master

to state the account, and the books, orders and all other writings were ordered delivered to the master and he was given specific directions how to state the account. Either party is at liberty to apply to the court for further instructions and directions.

This is not a final decree. It does not determine the litigation between all of the parties on the merits, so that when the decree is finally affirmed the court below will only be required to proceed to execute the decree. The bill as originally filed was against three defendants. It specifically alleged that the contract was entered into with each of them, that the services were performed for each of them, and that whatever amount is due is due from each of them. The decree only finds the equities between Free and the Successful Merchant. According to the allegations of the bill Bowes was the principal actor and he was the one primarily liable. There is no finding in the decree as to any of the allegations of the bill with reference to the liability of Bowes and the other corporation, although the decree finds that the allegations of the bill are true and correct as therein alleged. If the allegations of the bill are true and correct then Bowes and the other corporation are liable. The bill is not dismissed as to Bowes and the other corporation. They prayed an appeal but did not prosecute it. If neither of them is liable the decree should so find. A finding that the Successful Merchant is liable to Free is not a finding that the other two defendants are not also liable to him. After an accounting is made the court may make a finding with reference to the two other defendants, which will constitute a final decree, but until the litigation is finally terminated as to all parties the decree is not final. The Appellate Court correctly so held, and the judgment is affirmed.

Per Curiam: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*