(No. 22157.—

THE PEOPLE *ex rel.* Oscar Nelson, Auditor of Public Accounts, *vs.* THE STONY ISLAND STATE SAVINGS BANK.— (PATRICK NOLAN *et al.* Defendants in Error, *vs.* IRWIN T. GILRUTH, Receiver, Plaintiff in Error.)

*Opinion filed February 23, 1934.*

KIRKLAND, FLEMING, GREEN & MARTIN, (ADRIAN L. HOOVER, and DUDLEY F. JESSOPP, of counsel,) for plaintiff in error.

MILTON M. ADELMAN, for defendants in error.

Mr. JUSTICE FARTHING delivered the opinion of the court:

A writ of *certiorari* has been awarded by this court to review the action of the Appellate Court for the First District in dismissing the plaintiff in error's appeal from a decree of the superior court of Cook county.

Patrick and Anna Nolan, defendants in error, filed their original and amended petitions in the proceedings in the superior court of Cook county for the liquidation of the Stony Island State Savings Bank, a banking corporation, seeking to have allowed as a preferred claim against the assets of the bank a deposit of $2500 made on June 8, 1931, the day before the bank was closed for examination and adjustment pursuant to a resolution of its board of directors. In their petitions defendants in error alleged that the bank was insolvent at the time of the acceptance of the deposit and that the managing officers had knowledge of the alleged insolvency; that because of such alleged insolvency the act of the bank in accepting the deposit was wrongful and the bank thereby became a trustee *ex maleficio* of their money. Answers were filed to both petitions by Irwin T. Gilruth, plaintiff in error, receiver for the Stony Island State Savings Bank, in which he demanded strict proof of these allegations. The chancellor heard the evidence offered by defendants in error. Plaintiff in error offered no evidence, and a decree was entered finding the facts substantially as stated above. The court ordered that the claim of the defendants in error in the sum of $2500 be classed as a preferred claim, provided that upon the distribution of the assets of the bank it is determined that

·there were in the bank's possession at the time it was closed, and that there came into the receiver's hands, assets subject to preferred claims, and that the money of the defendants in error, or some of it, formed a part of such assets, and that their claim should be paid therefrom. It was further ordered that the question of the existence of such assets which came into the receiver's possession and whether such assets were subject to the claim of defendants in error were questions jurisdiction over which was reserved for future determination. The decree further directed that if no funds subject to this claim were found in the receiver's hands then the claim should be allowed as a general rather than a preferred claim. The receiver appealed to the Appellate Court for the First District. A motion to dismiss the appeal because the decree was not final but interlocutory was overruled, but in its decision the Appellate Court determined that the motion was erroneously overruled and held that the appeal was not properly brought for the reasons stated in support of the motion to dismiss.

If the Appellate Court improperly dismissed the appeal the order of this court should reverse its judgment of dismissal and the cause would be remanded to that court with directions to consider the merits of the case. If that court properly dismissed the appeal this court should affirm the judgment.

The sole question for our determination is whether or not the decree of the superior court of Cook county was a final order and decree or was merely interlocutory in its character. A decree is appealable only when it terminates the litigation between all of the parties on the merits, and when, if affirmed, the court which rendered it has only to proceed with its execution. (*Free* v. *Successful Merchant,* 342 Ill. 27; *Rosenthal* v. *Board of Education,* 239 id. 29.) A decree is final and appealable even though it does reserve incidental matters for consideration and direct a reference to a master in chancery to state an account. (*Eich*

v. *Czervonko*, 330 Ill. 455; *People* v. *Village of Niles Center*, 306 id. 145; *Gray* v. *Ames*, 220 id. 251.) But if a decree provides that jurisdiction be retained for the future determination of matters of substantial controversy between the parties it is not final. Thus it was held in *Hunter* v. *Hunter*, 100 Ill. 519, that a decree was interlocutory which found the complainant entitled to separate maintenance and reserved the question as to the amount for her support. In *Adamski* v. *Wieczorek*, 170 Ill. 373, the same was true of a decree rendered upon a bill of review filed to impeach a former decree for fraud and subornation of perjury which ordered the earlier decree vacated. The appeal would not lie, we held in that case, until the final determination upon a rehearing of the original matters in connection with the bill of review. In *Rosenthal* v. *Board of Education, supra,* the decree appealed from was also found to be interlocutory. It set aside an appraisement of the land in question made to determine its rental value for a certain ten-year period out of a fifty-year lease but reserved for the further consideration of the court the question of the fair cash rental value until after the determination of the case on appeal.

If the order which has been entered by the trial court may be vacated in a final decree no necessity exists for reviewing that order until the final decree is rendered. (*Farson* v. *Gorham*, 117 Ill. 137; *Rosenthal* v. *Board of Education, supra.*) We will not hear and review causes piecemeal. The defendants in error introduced evidence upon one of the propositions it was necessary for them to prove, viz., that their $2500 was deposited on the day before the bank closed and that at that time the officers of the bank knew it was insolvent. There remained the necessity, however, to trace their money so deposited into the assets which came into the hands of the receiver. The order appealed from clearly retained jurisdiction in the trial court to hear such further proof and to determine this second question.

If the proof failed there could be no preference and no appeal would be necessary. In such a case, until an order has been entered by which the receiver is directed to pay a claim as a preferred claim out of certain assets which are found to be the subject matter or *res* of the trust *ex maleficio* to which the claimant has a prior right, there can be no appeal.

The order provides that the claim shall be general if the additional proof is not made. If and when the fund has been traced by proper proof into the assets which the receiver obtained plaintiff in error would have a right to appeal from an order of preference. This would also include the right to question the finding that the money of defendants in error was received wrongfully.

For the reasons stated the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*