(No. 26544.—

FREDERICK W. WALTERS, Appellant, *vs.* MERCANTILE NATIONAL BANK OF CHICAGO *et al.,* Appellees.

*Opinion filed September 21, 1942—Rehearing denied Nov. 10, 1942.*

HENRY E. SEYFARTH, and JOHN H. THOMSON, (POPE & BALLARD, of counsel,) for appellant.

GANN, SECORD, STEAD & McINTOSH, GARIEPY & GARIEPY, and LESLIE H. WHIPP, (LOY N. McINTOSH, FRED A. GARIEPY, and JOHN L. SPALDING, of counsel,) for appellees.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county by Frederick W. Walters, who became a party to the suit on his petition for leave to intervene. The decree appealed from construed and held invalid one provision only in the last will and testament of J. Albert Roesch, Jr., deceased. The condition of the record is such that a full statement of the facts is necessary to a correct understanding of the procedure followed in the court below and the questions presented on this appeal.

J. Albert Roesch, Jr., was a resident of River Forest, Illinois. In February, 1915, he, together with appellant and others, organized a corporation known as Steel Sales Corporation. The record indicates that both the deceased and appellant devoted their time to the business of the corporation for many years. The corporate business was successful and its stock became valuable. Roesch and appellant were close friends and worked in harmony for the

welfare and success of the corporation in the conduct of its affairs.

On July 16, 1929, Roesch created a trust under which certain insurance policies on his life were transferred and made payable to Mercantile Trust and Savings Bank of Chicago, as trustee. The agreement by which this trust was created is designated in the record as "Trust Agreement No. 175." This trust is also referred to as the "Insurance Trust." By the trust agreement, policies aggregating some $260,000 were listed in exhibit "A," attached to the agreement, as constituting the subject matter of the trust.

The only provision contained in the agreement as to the manner in which the trust should be administered, is the statement that the trust created shall be "subject to the terms, provisions, conditions and limitations as are contained in exhibit 'B' hereto attached and made a part hereof, and which said exhibit 'B' is a copy of the last will and testament of the party of the first part now in existence. This trust estate shall be administered in accordance with trust provisions of exhibit 'B' hereto attached, regardless of the fact as to whether or not the original of said exhibit 'B' is at the time of the death of the party of the first part in existence or not."

On December 26, 1930, an amendment to the trust agreement was executed by Roesch and the trustee. The only change in the agreement made by this amendment was that the trustee was given power to loan money and to purchase securities or other income-producing property from the administrator of Roesch's estate or the executor of his last will and testament. In all other respects the trust agreement was ratified and confirmed.

On February 27, 1937, J. Albert Roesch, Jr., executed his last will and testament. On January 24, 1939, he executed a second amendment to Trust Agreement No. 175. By this amendment the reference in the original trust agreement to exhibit "B," attached to that agreement, was

stricken out and in lieu thereof the following was inserted: "subject to the terms, provisions, conditions and limitations as are contained in exhibit 'B' hereto attached and made a part hereof and which said exhibit 'B' is a copy of the last will and testament of the party of the first part now in existence, bearing date of the 27th day of February, 1937. This trust shall be administered in accordance with trust provisions of exhibit 'B' hereto attached, regardless of the fact as to whether or not the original of said exhibit 'B' is at the time of the death of the party of the first part in existence or not."

J. Albert Roesch, Jr., died on April 27, 1939, leaving said will dated February 27, 1937, a copy of which was attached to said trust agreement, as exhibit "B," as his last will and testament. This will was admitted to probate by the probate court of Cook county on June 13, 1939. Mercantile Trust & Savings Bank named in said trust agreement as trustee, was afterwards reorganized as appellee, Mercantile National Bank of Chicago. By reason of this reorganization, it became the trustee under said trust agreement in the place and stead of Mercantile Trust & Savings Bank. By article three of his will, a copy of which was attached to and became a part of the trust agreement by the second amendment dated January 24, 1939, the testator devised and bequeathed his residuary estate to his brother, William H. Roesch and Mercantile Trust and Savings Bank as trustees. The manner in which the trust created by Trust Agreement No. 175, and by this paragraph of the will, was to be administered was set out in detail in the will.

J. Albert Roesch, Jr., left him surviving Elsie L. Roesch, his widow, and James Frederick Roesch, Jane Ida Faye Roesch, J. Albert Roesch, III, John Lloyd Roesch, Shirley Turner Roesch and Ruth Roesch, his children.

On January 3, 1941, appellees Mercantile National Bank of Chicago and William H. Roesch filed the complaint in

this cause by which they sought a construction of the last will and testament of J. Albert Roesch, Jr., deceased. The widow and children as heirs-at-law of the deceased were made parties defendant. Appellant, Frederick W. Walters, was not made a defendant to the suit. He afterwards, on his own motion, obtained leave to intervene and became a party by intervention.

It was alleged in the complaint that certain provisions of the will were ambiguous and uncertain. That under the provisions of the trust agreement and the will plaintiffs, as trustees, were uncertain as to the proper construction of the will and as to their duties in the administration of the trust. They asked the court to construe the will and give instructions and advice to the trustees as to their duties, as such. It was particularly alleged in the complaint that it was uncertain, under the terms of the will, and said Trust Agreement No. 175, whether William H. Roesch who was named in the will as one of the trustees, but not in the trust agreement, was also a trustee under said trust agreement, or, whether the bank was the sole trustee.

It was further alleged that the widow had claimed certain payments due her from the trust estate to which the trustees alleged she was not entitled. They asked for a construction of the will and the determination of her rights thereunder. It was also alleged in the complaint that two of the sons, J. Albert Roesch, III, and John Lloyd Roesch claimed that they were entitled to have delivered to each of them one sixth of all shares of stock of Steel Sales Corporation, which the trustees had purchased under the power conferred upon them by the trust agreement and the amendments thereto; that the trustees were uncertain as to their duties in that respect.

The prayer of the complaint was that the court construe and interpret the will as a whole; that the court construe and interpret Trust Agreement No. 175 and exhibit "B" thereto attached for the purpose of determining,

(a) whether or not the bank was the sole trustee under said agreement, as amended, or, was joint trustee with Wm. H. Roesch, the co-trustee named in the will; (b) the powers of the bank under the first amendment to Trust Agreement No. 175; (c) the powers of the trustees under article third of the will; (d) whether or not the trustees were required to deliver one sixth of the shares of stock of Steel Sales Corporation, acquired by the trustees as a part of the trust propery, to J. Albert Roesch, III, John Lloyd Roesch and James Frederick Roesch; (e) whether or not the trustees were compelled to follow the instructions contained in article four of the will in voting the shares of stock of Steel Sales Corporation in accordance with the last paragraph of said article which is set out in full in that portion of the decree hereinafter quoted in this opinion; (f) to construe the will as to its intent and meaning with reference to payment to be made to the widow, under the will; (g) that the trustees be further advised, instructed and directed with respect to other questions which might arise during the administration of the trust.

To the complaint, Elsie L. Roesch, the widow, individually and as guardian of the minor defendants, and John Lloyd Roesch and J. Albert Roesch, III, filed a joint answer. By this answer they put in issue substantially every material allegation contained in the complaint. Elsie L. Roesch, the widow, also filed a counterclaim in which she alleged that the trustees were not administering the estate according to the trust and had failed to make the payments due her under the will from May, 1939, to March, 1941. She claimed in the counterclaim that there was due her some $14,000 under the will, which had been wrongfully withheld by the trustees. She asked for an accounting and an order on the trustees that payment be made to her of the amount due. The minor defendants answered by their guardian *ad litem* and the unborn heirs answered by

a trustee appointed for that purpose. An answer to the counterclaim was filed by the trustees by which issues were joined on the material averments in the counterclaim.

Appellant, Frederick W. Walters, after he was granted leave to intervene, filed an answer in which he alleged that the provision hereinafter quoted in the last paragraph of article four of the will, relative to the voting of the stock by the trustees,. was valid and enforcible. It was his contention that the will should be construed as giving to him the power to direct the trustees as to how this stock should be voted at all meetings of the corporation. Upon the issues thus formed evidence was heard in open court upon all questions raised by all parties. After the hearing was concluded the order appealed from was entered by the chancellor. The order recites that the hearing was had on the complaint, the intervening petition and answers "as related to the last paragraph of Article Fourth of said Last Will and Testament, which said last paragraph provides as follows: 'At all times, as long as any stock of the Steel Sales Corporation, its corporate successor, or any reorganization thereof, shall remain a part of the trust estate, the Trustees shall have the right to vote the same as they may think best, subject, however, to this restriction: That as long as my friend, Frederick W. Walters, is actively connected with the corporation as an officer or employee thereof, said stock shall be voted in accordance with his directions.' as specifically related to the question raised in the complaint and in the answers thereto as to whether or not said provision of the said Last Will and Testament is legal and binding upon the Trustees named in said Last Will and Testament and upon the Trustee named in Trust No. 175, dated July 16, 1929, entered into between J. Albert Roesch, Jr., and Mercantile Trust and Savings Bank of Chicago, which said bank was on July 1, A. D. 1939, converted into Mercantile National Bank of Chicago. The Trustees under

said Last Will and Testament being Mercantile National Bank of Chicago and William H. Roesch; the trustee under the provisions of said Trust Agreement No. 175 being Mercantile National Bank of Chicago."

The court found "that the subject matter of this Order is separate and distinct and not necessarily related to the other questions raised by the plaintiffs as to the proper construction of the other provisions of the said Last Will and Testament and the said Trust Agreement No. 175, and that therefore the construction of the above quoted portion of the last paragraph of Article Fourth of the said Last Will and Testament should be construed in this order, and that the remaining questions involved in the construction of said Last Will and Testament should be and they will be disposed of by this Court in a decree to be presented to this Court at a later date."

By the decree entered the court found that said paragraph directing the trustees to vote the corporate stock as directed by appellant was wholly void because it constituted an attempt to confer powers on appellant in violation of section 3 of article XI of the constitution.

The abstract filed in this court presents only the portions of the pleadings relating to the construction of the above-quoted paragraph found in article four of the will. The issues in the cause and the applicable portions of the pleadings to those issues, as well as the evidence heard, in connection therewith, have been disclosed only by a reading of the record. They are not found in the abstract.

We have here the unusual situation of a cause in which many issues were raised by the pleadings and litigated in the trial court. Evidence was submitted covering all of the issues. Instead of deciding all the issues raised by the parties and actually litigated, a decree was entered disposing of one single issue and construing one single provision of the will.

The parties had no power to litigate, and the court had no power to determine, the issues raised by piecemeal and limit the finding and decree to one single question of many raised and litigated in the same cause. Such an order is not a final decree from which an appeal may be prosecuted. A decree is final and appealable only where it terminates the litigation between all of the parties on the merits so that when it is affirmed the court below has only to proceed with its execution. The only exception is that a decree may be final and appealable even though incidental matters may be reserved for consideration and it directs a master to state an account. (*Free* v. *The Successful Merchant,* 342 Ill. 27.) In the above case it was said that a decree for accounting which fixed the rights of complainants as to some of the defendants but reserved, for further consideration, the question of the liability of other defendants, is merely interlocutory and may be reversed on an appeal from a final decree dismissing the complaint as to some of the defendants whose rights had not been determined and as to one defendant against whom the first decree was entered. To the same effect is *Sheaff* v. *Spindler,* 339 Ill. 540; *Rosenthal* v. *Board of Education,* 239 id. 29; *Dreyer* v. *Goldy,* 171 id. 434; *Bucklen* v. *City of Chicago,* 166 id. 451. In this case the decree determined the rights of plaintiffs as against appellant, only. It left for future consideration all questions raised as between the plaintiffs and all other parties.

In *People ex rel. Nelson* v. *Stony Island State Savings Bank,* 355 Ill. 401, it was said that a decree is appealable only when it terminates the litigation between all of the parties on the merits, and when, if affirmed, the court which has rendered it has only to proceed with its execution. It was further said that if a decree provides that jurisdiction be retained for the determination of matters of substantial controversy between the parties it is not final. Numerous

other cases might be cited in the support of this long-settled rule.

The decree appealed from in this case terminated the litigation only between the trustees and appellant. It did not terminate or settle any of the issues between the widow and the trustees, as to the payments she was entitled to receive under the will. Neither did it terminate or settle the issues between the trustees and the sons, J. Albert Roesch, III, and John Lloyd Roesch, as to whether they were entitled to have turned over to them one sixth of the stock of Steel Sales Corporation, which came into the hands of the trustees, by purchase, or otherwise. It did not determine the controversy as to whether or not William H. Roesch was a co-trustee, or the bank the sole trustee under Trust Agreement No. 175, of which agreement, the will was made a part, by reference.

All of these questions depended upon the construction of other provisions of the will and the trust agreement, not construed by the decree. All of these questions the court attempted to reserve until some future date for determination and disposition.

While it is true that section 50 of the Civil Practice act has somewhat liberalized the practice to the extent that more than one judgment or decree may be entered in a proper cause, it does not have the effect to authorize the court to construe a will by piecemeal and to enter separate decrees, at different times, construing separate provisions of the will and thus determining questions which a part, only, of the parties to the suit have raised and litigated. A will must be construed as a whole and, regardless of its provisions, no separate paragraph may be properly construed alone, leaving the construction of all other provisions open to future litigation and determination.

If the practice followed in this case should be approved the litigation might be prolonged indefinitely. After the

present appeal is disposed of the parties could litigate each of the other questions raised by the pleadings and the court could enter a decree on one of those questions, only, from which an appeal might be taken. After the disposition of that appeal, the other questions might be litigated and determined separately from which separate appeals could be taken successively. When all of the questions in issue were finally disposed of the construction of the will of J. Albert Roesch, Jr., deceased, would be found in a number of various separate decrees of the trial court and in as many opinions of this court as might be written on the separate appeals. A mere statement of this procedure condemns it. It would constitute a hearing of the cause not only in the trial court but in this court, by piecemeal, and by disconnected fragments. The practice cannot be approved.

The decree from which this appeal was taken, not being a final decree, the appeal must be dismissed. The applicable provisions of the Civil Practice act, even if construed to authorize separate decrees to be entered in a case of this kind, do not make such decrees final until the termination of the litigation by the decision of all the questions and issues raised between all the parties to the suit. (*Rogers* v. *Barton,* 375 Ill. 611; *McDonald* v. *Walsh,* 367 id. 529.) When the case is thus disposed of any party feeling himself aggrieved may perfect an appeal from any and all orders entered. Until that time, all such orders are interlocutory and cannot be reviewed on appeal.

The appeal is dismissed for the reason that the order appealed from is not a final order or decree, disposing of all questions and issues between all parties to the suit.

*Appeal dismissed.*