NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190579-U

NO. 4-19-0579

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 7, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* Estate of J.L. WADE, a/k/a | ) | Appeal from the |
| JESSE LORAINE WADE, Deceased | ) | Circuit Court of |
| | ) | Pike County |
| (SUSAN WADE BARR, | ) | No. 07P40 |
|     Petitioner-Appellant, | ) | |
|     v. | ) | Honorable |
| MERCANTILE TRUST & SAVINGS BANK, | ) | John Frank McCartney, |
| as Successor Trustee of the J.L. Wade Trust | ) | Judge Presiding. |
| Dated March 22, 2001, as Amended; | ) | |
| MERCANTILE TRUST & SAVINGS BANK, as | ) | |
| Administrator to Collect/Alleged Administrator with Will | ) | |
| Annexed; J.L. WADE FOUNDATION; and | ) | |
| PIKE COUNTY NATURE HOUSE, INC., | ) | |
|     Respondents-Appellees). | ) | |

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Steigmann and Justice Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*:  (1) The trial court properly found petitioner, whose right to inherit $300,000 was finally determined and satisfied, was no longer an "interested person" and, therefore, lacked standing to seek removal of the independent administrator.

(2) Petitioner failed to establish the trial court abused its discretion in imposing sanctions under Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018).

¶ 2    In May 2018, petitioner, Susan Wade Barr, petitioned the trial court to terminate the independent administrator, Mercantile Trust & Savings Bank (Mercantile), for the J.L. Wade Trust. Petitioner's father, J.L. Wade, died in 2007. After 11 years of filings, including a will

contest, appeals, and the payment of the bequest to petitioner and her counsel, petitioner filed the aforementioned petition under section 28-4 of the Probate Act of 1975 (Probate Act) (755 ILCS 5/28-4 (West 2016)). The trial court dismissed the petition, finding, in part, petitioner was no longer an "interested person" authorized to bring the action under section 28-4 of the Probate Act. The court further granted Mercantile's motion for sanctions under Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018). Petitioner appeals, arguing the court (1) erroneously found the payment of the bequest terminated her status as an interested person as she was J.L. Wade's heir and (2) improperly ordered sanctions. We affirm.

¶ 3                                I. BACKGROUND

¶ 4        This appeal is another in a long line of appeals arising from the litigation over the sizeable estate left by decedent, J.L. Wade, who died in June 2007 at the age of 94. See, *e.g.*, *In re Estate of Wade*, 2015 IL App (4th) 140952-U; *In re Estate of Wade*, 2015 IL App (4th) 140229-U; *Barr v. Hu*, 2012 IL App (4th) 110865-U; *In re Estate of Wade*, 2011 IL App (4th) 110288-U. J.L. Wade had one daughter, the petitioner here. In 1996, J.L. devised a testamentary plan by which petitioner was to be left the bulk of his estate. Petitioner was named executor of the estate and successor trustee of a trust.

¶ 5        However, due to circumstances not relevant here but more fully addressed in *Wade*, 2015 IL App (4th) 140229-U, ¶¶ 17-22, J.L. changed course and decided effectively to disinherit petitioner. This testamentary plan began with the signing of a will in 2001 (2001 Will) and the creation of a new trust agreement by which petitioner would be left $1 million (2001 Trust Agreement). The sole legatee of the will was the trustee of the J.L. Wade Trust, which was J.L. Bank of America was named executor and successor trustee of the trust. Under the trust agreement, J.L. left a house and $100,000 to his caretaker. The bulk of the estate was to be given

to the University of Illinois Foundation (Foundation) for scholarship purposes. An amendment was made in May 2002, reducing the gift to petitioner to $300,000, so long as she did not challenge the validity of the will.

¶ 6        The testamentary devices used to disinherit petitioner were found valid. A jury concluded J.L. had the requisite testamentary capacity to sign the 2001 Will; the court found the same as to the 2001 Trust Agreement and the 2002 amendment. The 2004 amendment that named Mercantile Trust & Savings Bank (Mercantile) a successor trustee and a codicil were set aside due to a determination J.L. lacked the necessary testamentary capacity to make those changes; we need not further summarize the terms of those devices here. On appeal, this court affirmed. See *In re Estate of Wade*, 2015 IL App (4th) 140229-U, ¶¶ 38, 83.

¶ 7        As a result of the trial court's ruling on the invalidity of the amendment naming Mercantile the successor trustee, the J.L. Wade Trust was left without a successor trustee. The court, in May 2014, thus removed Mercantile Trust as the successor trustee. Petitioner sought that role, alleging she was J.L.'s only surviving heir and a beneficiary of the trust. In contrast, the Foundation, asserting it was the only income beneficiary of the J.L. Wade Trust, had the authority under the trust agreement and the law (see 760 ILCS 5/13(2) (West 2014)) to designate a successor trustee and asked Mercantile be appointed for that role. The trial court agreed with the Foundation, "which [was] to receive the remainder of the trust estate" and "the only beneficiary of income derived by the trust." *In re Estate of Wade*, 2015 IL App (4th) 140952-U, ¶ 31. Mercantile was appointed as the successor trustee. We affirmed the appointment on appeal. *Id.* ¶¶ 31, 33.

¶ 8        In April 2016, petitioner asked the trial court to appoint her administrator of the estate with the will annexed. Mercantile sought appointment for itself. The trial court, in October

- 3 -

2016, granted Mercantile's request. Petitioner appealed. In her notice of appeal, petitioner challenged not only the order appointing Mercantile as administrator but also the August 23, 2016, order mandating Mercantile, as trustee of the J.L. Wade Trust, pay petitioner's counsel $283,283.95 in attorney fees from petitioner's $300,000 bequest to satisfy her counsel's lien. In that same order, Mercantile was directed to provide a separate check to petitioner for $16,716.05, representing the remainder of her bequest. Both counsel and petitioner were ordered to provide Mercantile acknowledgement of payment in full. Petitioner's counsel acknowledged receipt of payment. Petitioner did not. Instead, petitioner attached the draft acknowledgement forwarded to her by Mercantile's counsel to her postjudgment motion and argued the signing of such document would render her no longer an "interested person."

¶ 9        Petitioner, however, failed to comply with briefing requirements resulting in the dismissal of her appeal in September 2017. Petitioner pursued an appeal with the Illinois Supreme Court. In April 2018, our supreme court denied petitioner leave to appeal.

¶ 10        After Mercantile submitted a final account to the trial court, petitioner, in May 2018, filed a petition to terminate independent administration under section 28-4 of the Probate Act (755 ILCS 5/28-4 (West 2016)) or to appoint herself as personal fiduciary. Mercantile summarized petitioner was ordered to acknowledge receipt of the remainder of her bequest and argued petitioner's "continued filings in this Court to prolong matters that have already been decided, ruled upon, exhausted and closed, is a waste of this Court's time and resources and the practice must be stopped." Mercantile asked the court to strike petitioner's filing and to sanction petitioner.

¶ 11        By order dated November 30, 2018, the trial court denied petitioner's request. The court held in part petitioner was not an "interested person" under section 1-2.11 of the Probate

- 4 -

Act (755 ILCS 5/1-2.11 (West 2016)), as her status as an interested person had been extinguished, meaning she had no standing to file the petitions the court denied. The court further granted Mercantile's request for Rule 137 sanctions to prevent petitioner from submitting "any further frivolous filing," as petitioner "raised the same basic issues in multiple pleadings." The court barred petitioner from submitting *pro se* pleadings, except for a postjudgment motion on the order and an appeal. Petitioner's postjudgment motion to reconsider was denied. This appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13                    A. Petitioner's Status as an Interested Person

¶ 14          Petitioner argues the trial court erred in finding her not an "interested person" and in concluding she lacked standing to file her petition to remove Mercantile as administrator. Petitioner contends Mercantile forfeited this argument by not raising it in a pleading responsive to her petition to terminate before the trial court. Petitioner further argues the issue of "the outcome of [her] claims" was not finally determined and the use of "interested person" throughout the Probate Act, particularly in sections 24-1, 24-2, and 28-11 (755 ILCS 5/24-1, 24-2, 28-11 (West 2016)), shows the trial court interpreted the term too narrowly.

¶ 15          The record refutes petitioner's claim the outcome of her claim was not finally determined. For a determination under the Probate Act to be deemed final does not necessarily require an express finding the determination is final. For example, under Illinois Supreme Court Rule 304(b)(1) (eff. Mar. 8, 2016), orders in the administration of an estate are appealable, with no special finding, if they "finally determine[ ] a right or status of a party." The purpose of the rule is "to prevent multiple lawsuits and piecemeal appeals, while encouraging efficiency and granting certainty as to specific issues during the often lengthy process of estate administration."

- 5 -

*In re Estate of Thorp*, 282 Ill. App. 3d 612, 616, 669 N.E.2d 359, 362 (1996). Here, petitioner's rights under the valid testamentary devices have been finally determined. The trial court and a jury determined which testamentary instruments were valid and enforceable, meaning petitioner was entitled to a bequest of $300,000 should she not challenge the validity of the will. See *In re Estate of Wade*, 2015 IL App (4th) 140229-U, ¶¶ 3-8, 38. These findings were affirmed. See *id.* ¶¶ 3-4. The trial court further found petitioner was entitled to the $300,000 bequest despite her challenge to the validity of the will, denying Mercantile's request to enforce the terrorem clause of the bequest. The court ordered Mercantile to pay the $300,000 bequest. The court did so by ordering the bulk of it to be paid to petitioner's counsel to satisfy an attorney's lien for fees and the remaining $16,000 to petitioner. The court also ordered petitioner to sign a declaration showing she had received that bequest. These were final determinations regarding petitioner's rights.

¶ 16            Petitioner asserts, somehow, that the failure to construe the valid will and the invalid codicil together renders the order nonfinal. She provides no citation to support this contention or her bare contention the interpretation of a valid will should be affected by a codicil found invalid. The orders are final.

¶ 17            Petitioner further contends Mercantile forfeited the claim she was no longer an interested person and lacked standing. Petitioner argues Mercantile did not respond to her termination petition for four months and, when it did so, did not mention it was a motion to dismiss or argue how the petition was defective.

¶ 18            The standing doctrine guarantees issues are raised by only those parties having a real interest in the controversy's outcome. *In re Estate of Schumann*, 2016 IL App (4th) 150844, ¶ 15, 67 N.E.3d 365. It is the burden of the respondent to plead and prove lack of standing. *Id.*

¶ 16. Generally, "lack of standing is an affirmative defense that must be pleaded and proved by the defendant." *Id.* ¶ 14. The appropriate vehicle for doing so is a motion to dismiss under section 2-619(a)(9) of the Code of Civil Procedure, which authorizes dismissal of a claim when it is barred by an affirmative matter. See 735 ILCS 5/2-619(a)(9) (West 2016). We review dismissals for lack of standing *de novo*. *Schumann*, 2016 IL App (4th) 150844, ¶ 17.

¶ 19        Petitioner is correct in that defendant's response to her termination petition does not explicitly argue she is not an "interested person" and, therefore, lacks standing. This is not the usual case where a petition is filed and a motion to dismiss follows. In the course of over 13 years, there have been many petitions, many responses, many judgments, and multiple appeals. After petitioner's bequest was satisfied, Mercantile argued petitioner was not an interested person. In its June 9, 2016, petition for probate of will and for letters of administration with will annexed, Mercantile argued "[petitioner] is no longer an interested party in the estate, and has an adverse interest to the estate and legatee of the estate and is therefore ineligible to serve as the administrator." Petitioner acknowledged in court filings Mercantile declared she was no longer an interested person in August and November 2017. In its response to petitioner's petition to terminate independent administration, Mercantile argued petitioner continued to make filings on matters that had been "decided, ruled upon, exhausted and closed." At the hearing on the motion to close the case and on petitioner's motion to terminate the independent administration, Mercantile reiterated its position petitioner was no longer an interested person. Mercantile argued she received the $300,000 bequest.

¶ 20        In addition, case law establishes a trial court may raise the issue of standing whether or not the matter is raised in the pleadings. See generally *In re Marriage of Sechrest*, 202 Ill. App. 3d 865, 875, 560 N.E.2d 1212, 1218 (1990) (when addressing a claim of forfeiture

for the respondent's failure to raise the standing issue, the court held "[t]o prevent such situations in the future, trial courts must carefully examine the pleadings and may, *sua sponte* if necessary, raise the issue of a non-parent's standing or lack of standing"). In *In re Marriage of Houghton*, 301 Ill. App. 3d 775, 779, 704 N.E.2d 409, 412 (1998), this court held the issue of standing was not forfeited because the trial court addressed and considered the issue *sua sponte*.

¶ 21 Here, we find the issue not forfeited. Mercantile, throughout the case, repeatedly maintained petitioner lost her status as an "interested person" when Mercantile satisfied the $300,000 bequest. The court also had the authority to raise the issue on its own.

¶ 22 We turn now to the question of whether petitioner is an "interested person." In the filing that is the subject of this appeal, petitioner sought termination of Mercantile's status as independent administrator under section 28-4 of the Probate Act (755 ILCS 5/28-4 (West 2016)) and then appointment as an independent administrator under section 28-2 (*id.* § 28-2). Section 28-4(a) authorizes such petitions be brought by "any interested person." *Id.* § 28-4(a). An "interested person" is defined in section 1-2.11 of the Probate Act as "one who has or represents a financial interest, property right or fiduciary status at the time of reference which may be affected by the action, power or proceeding involved, including without limitation an heir, legatee, creditor, person entitled to a spouse's or child's award and the representative." *Id.* § 1-2.11.

¶ 23 Petitioner is not one who has "a financial interest, property right" that "may be affected" by the termination of Mercantile as the administrator of the estate. Petitioner's rights were finally determined and satisfied. The 2001 Will, 2001 Trust Agreement, and 2002 amendment that reduced petitioner's inheritance to $300,000 were all found valid. Mercantile satisfied the $300,000 bequest to petitioner when it distributed the funds as mandated by the trial

court. That petitioner failed to comply with the court order that was part of her failed appeal does not preserve her status as an interested person. Petitioner has no remaining rights under the valid will, trust agreement, or the 2002 amendment that may be affected. Thus, for purposes of her termination petition under section 28-4 of the Probate Act, petitioner is not an interested person.

¶ 24 Petitioner's case law is not convincing. Petitioner relies on *In re Estate of Schlenker*, 209 Ill. 2d 456, 464, 808 N.E.2d 995, 1000 (2004), which held an heir possesses an unconditional right to contest a will. See *Schumann*, 2016 IL App (4th) 150844, ¶ 35. *Schlenker* is distinguishable as no will had yet been found valid. See *Schlenker*, 209 Ill. 2d at 462-63. Here, in contrast, the will, trust agreement, and amendment that removed any right of petitioner to inherit intestate were found valid and those findings were affirmed on appeal. In addition, *Schlenker* holds only that if you are an heir, you qualify as a matter of law as an interested person entitled to contest a will under section 8-1 of the Probate Act (755 ILCS 5/8-1 (West 2002)). *Schlenker*, 209 Ill. 2d at 464-65. *Schlenker* does not hold an heir would remain an interested person to file a petition under section 28-4 once it is held the heir no longer had an interest in the estate that could be affected by the proceeding due to a valid will setting the amount of the bequest and the fact that the bequest was satisfied.

¶ 25 Similarly, the decision in *Walters v. Mercantile National Bank of Chicago*, 380 Ill. 477, 44 N.E.2d 429 (1942), is distinguishable. In *Walters*, the decree that was appealed interpreted only part of the will, leaving the construction of the will's other disputed provisions incomplete. *Id.* at 486. Here, in contrast, the 2001 Will, 2001 Trust Agreement, and 2002 amendment were deemed valid in their entirety. The issue of the applicability of these testamentary devices is final and complete. Due to this finality, petitioner cannot recover intestate or under a prior will.

¶ 26　　　　Petitioner's reliance on other sections of the Probate Act that refer to an "interested person" is not convincing. Petitioner cites no section that expands the definition of "interested person" to include her circumstance.

¶ 27　　　　　　　　　B. The Propriety of the Rule 137 Sanctions

¶ 28　　　　In its response to petitioner's motion to terminate its role as administrator, Mercantile asked the trial court to sanction petitioner under Rule 137 and Illinois Supreme Court Rule 219 (eff. July 1, 2002). Mercantile requested (1) that petitioner be sanctioned "for continued frivolous filings," (2) the petition to terminate independent administration be stricken, and (3) that petitioner be ordered to obtain approval from the trial court before filing any further pleadings.

¶ 29　　　　Rule 137 allows parties to seek court sanctions for frivolous filings. The rule provides the following, in part:

> "The signature of an attorney or party [on a pleading, motion or other document] constitutes a certificate by him that he has read the pleading, motion or other document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *** If a pleading, motion, or other document is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed

it, a represented party, or both, an appropriate sanction ***." Ill. S.

Ct. R. 137(a) (eff. Jan. 1, 2018).

When a sanction is imposed under Rule 137, the trial court must specify the reasons and the basis of any sanction imposed. Ill. S. Ct. R. 137(d) (eff. Jan. 1, 2018). Rule 219 applies to discovery violations and does not apply here. Ill. S. Ct. R. 219 (eff. July 1, 2002). This court will reverse the imposition of Rule 137 sanctions only if the trial court abused its discretion. *Enbridge Pipeline (Illinois), LLC v. Hoke*, 2019 IL App (4th) 150544-B, ¶ 49, 123 N.E.3d 1271.

¶ 30        Petitioner contends there were no specific findings to support the sanctions. We agree the initial order did not contain an explicit finding regarding the improper purpose of petitioner's section 28-4 petition. The court did, however, imply that was the basis for its ruling: "[A]ll the issues you raise[ ] have either been fully litigated and appealed or appealed and the appeal was dismissed, the motion to reconsider denied."

¶ 31        The lack of specificity was, however, cured after petitioner's motion to reconsider. The trial court expressly found the petition to terminate independent administration was a continued "attempt to block this administered estate from closing, thus causing unnecessary delay in this matter." The court also reiterated the position the arguments raised by petitioner were the same or similar to those made in the three rounds of appeals. Petitioner has not established the court abused its discretion in ordering sanctions.

¶ 32        Plaintiff's cases are distinguishable. For example, in *Burrows v. Pick*, 306 Ill. App. 3d 1048, 1050, 1054-55, 715 N.E.2d 792, 794, 797 (1999), the question of the reasonableness of the filing turned on argument the filing was not adequately researched, requiring proof the allegations in the complaint were false, while here the question is whether the pleading made was for "any improper purpose." Ill. S. Ct. R. 137(a) (eff. Jan. 1, 2018). Plaintiff

provides no authority showing a pleading must be shown to contain false allegations before it may be sanctionable for having been filed for "any improper purpose."

¶ 33                                    III. CONCLUSION

¶ 34            We affirm the trial court's judgment.

¶ 35            Affirmed.