NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 210669-U

NO. 4-21-0669

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 29, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* Estate of J.L. WADE, a/k/a | ) | Appeal from the |
| JESSE LORAINE WADE, Deceased | ) | Circuit Court of |
| | ) | Pike County |
| (SUSAN WADE BARR, | ) | No. 07P40 |
| Petitioner-Appellant, | ) | |
| v. | ) | |
| MERCANTILE TRUST & SAVINGS BANK, as | ) | |
| Successor Trustee of the J.L. Wade Trust | ) | |
| Dated March 22, 2001, as Amended; | ) | |
| MERCANTILE TRUST & SAVINGS BANK, as | ) | |
| Administrator to Collect/Alleged Administrator with | ) | |
| Will Annexed; J.L. WADE FOUNDATION; and | ) | Honorable |
| PIKE COUNTY NATURE HOUSE, INC., | ) | John Frank McCartney, |
| Respondents-Appellees). | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Harris and Steigmann concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Petitioner lacked standing to challenge the closure of her father's estate.

¶ 2          In May and June 2021, petitioner, Susan Wade Barr, filed two motions to

challenge the request of respondent Mercantile Trust & Savings Bank (Mercantile), as

administrator with the will annexed, to close the estate of J.L. Wade, her father. J.L. Wade died

in 2007. After many years and numerous court filings and appeals, the trial court, in June 2021,

ordered the estate closed and discharged Mercantile as administrator. Petitioner appeals,

challenging not only the order closing the estate but also trial and appellate court orders entered

during the pendency of the estate. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4            Petitioner's appeal is yet another in the long line of appeals stemming from the

litigation over the estate of J.L. Wade, who died at the age of 94. See, *e.g.*, *In re Estate of Wade*,

2020 IL App (4th) 190579-U; *In re Estate of Wade*, 2015 IL App (4th) 140952-U; *In re Estate of*

*Wade*, 2015 IL App (4th) 140229-U; *Barr v. Hu*, 2012 IL App (4th) 110865-U; *In re Estate of*

*Wade*, 2011 IL App (4th) 110288-U.

¶ 5            Petitioner is the only child of J.L. Wade. In 1996, a testamentary plan was put in

place by which petitioner was to receive the bulk of her father's estate. As discussed more fully

in *Wade*, 2015 IL App (4th) 140229-U, ¶¶ 17-22, petitioner was effectively disinherited via a

new will (2001 Will) and trust agreement; through the latter, petitioner would be given $1

million. The sole legatee of the 2001 Will was the trustee of the J.L. Wade Trust, which was J.L.

Wade; Bank of America was named executor and successor trustee of the trust. The bulk of the

estate was to be given to the University of Illinois Foundation (Foundation) for scholarship

purposes. By a May 2002 amendment, J.L. Wade reduced the gift to petitioner to $300,000 and

provided she receive that gift so long as she did not challenge the will's validity.

¶ 6            Petitioner challenged the validity of the testamentary devices used to disinherit

her. They were found valid. However, a 2004 amendment naming Mercantile the successor

trustee was set aside due to a ruling J.L. Wade lacked the necessary testamentary capacity to

make the change. A more detailed summary of the documents and the rulings regarding the

validity of those documents is found in our order affirming the trial court's judgment. See *Wade*,

2015 IL App (4th) 140229-U.

¶ 7            As a result of the ruling finding the 2004 amendment invalid, the J.L. Wade Trust

had no successor trustee. Petitioner sought the role, alleging she was J.L. Wade's only surviving

- 2 -

heir and a beneficiary of the trust. The Foundation countered, because it was the sole income beneficiary of the J.L. Wade Trust, it had the authority to designate a successor trustee. The Foundation requested Mercantile be appointed for that role. The court agreed with the Foundation and appointed Mercantile the successor trustee. *Wade*, 2015 IL App (4th) 140952-U, ¶ 31. We affirmed the appointment on appeal. *Id.* ¶¶ 31, 33.

¶ 8       In April 2016, petitioner sought appointment as the administrator of the estate with the will annexed. Mercantile sought appointment for itself. The trial court, in October 2016, granted Mercantile's request. Petitioner appealed, challenging not only the order appointing Mercantile as administrator but also an August 2016 order through which the court mandated Mercantile, in its role as trustee of the J.L. Wade Trust, pay petitioner's counsel $283,283.95 in attorney fees from petitioner's $300,000 bequest. In that same order, Mercantile was directed to provide a separate check to petitioner for $16,716.05, representing the remainder of her bequest. Both counsel and petitioner were ordered to provide Mercantile acknowledgement of payment in full. Petitioner's counsel acknowledged receipt of payment. Petitioner did not. Instead, petitioner attached the draft acknowledgement forwarded to her by Mercantile's counsel to her postjudgment motion and argued the signing of such document would render her no longer an "interested person."

¶ 9       This court dismissed petitioner's appeal of these orders due to petitioner's failure to comply with briefing requirements. *In re Estate of Wade*, No. 4-17-0224 (2017). Petitioner sought leave to appeal to the Illinois Supreme Court. In April 2018, leave was denied. *Barr v. Mercantile Trust & Savings Bank*, No. 122930 (2018).

¶ 10       After Mercantile, in its role as administrator with the will annexed, sought to close the estate and submitted a final account to the trial court, petitioner asked the court in May

2018 to terminate independent administration under section 28-4 of the Probate Act of 1975 (755 ILCS 5/28-4 (West 2018)) or to appoint herself as personal fiduciary. In response, Mercantile noted petitioner was ordered to acknowledge receipt of the remainder of her bequest and argued petitioner's "continued filings in this Court to prolong matters that have already been decided, ruled upon, exhausted and closed, is a waste of this Court's time and resources and the practice must be stopped." Mercantile asked the court to strike petitioner's filing and to sanction her.

¶ 11 In November 2018, the trial court denied petitioner's request. The court found petitioner was not an "interested person" under section 1-2.11 of the Probate Act of 1975 (755 ILCS 5/1-2.11 (West 2018)), as her status as an interested person had been extinguished with the satisfaction of the $300,000 bequest, meaning she had no standing to file the petitions the court denied. The court also granted Mercantile's request for Rule 137 sanctions (see Ill. S. Ct. R. 137 (eff. Jan. 1, 2018)) to prevent petitioner from submitting "any further frivolous filings," as petitioner "raised the same basic issues in multiple pleadings." Except for a postjudgment motion and appeal of the order imposing sanctions, petitioner was barred from submitting *pro se* pleadings. *Wade*, 2020 IL App (4th) 190579-U, ¶ 11.

¶ 12 Petitioner pursued an appeal to this court, and we affirmed the trial court's judgment. *Id.* ¶¶ 2, 34. We found "[p]etitioner ha[d] no remaining rights under the valid will, trust agreement, or the 2002 amendment that may be affected" by the requested court order and was, therefore, not an interested person "for purposes of her termination petition." *Id*. ¶ 23.

¶ 13 Despite the order barring petitioner from filing *pro se* "pleadings," petitioner, on May 28, 2021, filed a motion seeking leave to file a petition to remove Mercantile as administrator with the will annexed or, in the alternative, for the trial court to file its own petition for Mercantile's removal. Petitioner asserted she was an "interested person" as a shareholder of

- 4 -

Pike County Nature House, Inc. (Nature House), J.L. Wade's "largest asset." Petitioner maintained Mercantile had not challenged her status as an interested party as a shareholder. Petitioner further noted Nature House was a party since it intervened after a *lis pendens* notice was placed on its warehouse. See *Wade*, 2011 IL App (4th) 110288-U, ¶¶ 13-14. Petitioner further challenged Mercantile's desire to close the estate without accountability for Nature House, "which appears to have lost $1 million." Petitioner asserted Mercantile made false statements and wasted and mismanaged the Wade estate. She also challenged the Rule 137 sanctions, the propriety of which was considered and affirmed in *Wade*, 2020 IL App (4th) 190579-U, ¶¶ 28-32.

¶ 14    On June 24, 2021, petitioner, appearing *pro se*, sought leave of court to file a motion for a continuance. Petitioner asserted, to comply with the order barring *pro se* filings, she had paid a substantial retainer to an unnamed law firm near Chicago. According to petitioner, attorneys from that firm informed her it would "take several weeks to get up to speed because of their work schedules in progress and family summer vacations already planned."

¶ 15    The following day, the date set for oral argument on all matters, Mercantile, in its roles as successor trustee and as administrator of the will annexed, filed its objection to petitioner's motion for leave to seek a continuance. Mercantile asserted the filing was "another delay tactic to postpone the inevitable." Mercantile urged the trial court to end petitioner's "never-ending windmill chasing." At the hearing on the parties' motions, which occurred the same day Mercantile filed its objection, Mercantile began by emphasizing petitioner "is not an interested party" and "has no standing to ask for a continuance or to file anything."

¶ 16    On June 29, 2021, the trial court ordered Mercantile, as administrator with the will annexed, discharged and the estate closed. The court denied petitioner's motions. After the

court denied petitioner's motion to reconsider, this appeal followed.

¶ 17                                    II. ANALYSIS

¶ 18       On appeal, petitioner asserts multiple challenges to not only the order closing the estate and discharging Mercantile as administrator with the will annexed, but also to orders that were the subject of previous appeals to this court. She does so by arguing those orders, which were appealed and affirmed, were void and void orders may be attacked at any time.

¶ 19       Petitioner, however, lacked standing to seek termination of Mercantile as administrator with the will annexed and to challenge the closing of the estate. Of note, petitioner's *pro se* requests for leave to seek the termination or for a continuance violate the trial court's November 30, 2018, imposition of Rule 137 sanctions. In that case, the court ordered petitioner "is required for any future pleadings filed on her behalf in Cause No. 07-P-40[to have] such filings *** signed by a licensed attorney in the State of Illinois on behalf of Petitioner, not Petitioner in a *pro se* fashion, thereby certifying that the pleading being filed is a meritorious claim or position." It is clear from the court's language excepting "a post-judgment motion" of that order from the sanction and the fact the order followed petitioner's *pro se* motion to terminate independent administration that the court was not limiting its order to only traditional pleadings, such as a complaint or an answer. Under the terms of that order and by petitioner's failure to secure counsel, petitioner's requests for leave should not have been permitted, nor should she have been allowed to participate in the hearing on the estate's closure.

¶ 20       In addition to the fact petitioner's *pro se* motions violate the trial court's order, petitioner is not an "interested person." In 2020, this court found the distribution of the $300,000 gift to petitioner rendered her no longer an "interested person" for purposes of the petition she filed to terminate independent administration. *Wade*, 2020 IL App (4th) 190579-U, ¶ 23. The

same analysis applies here to petitioner's attempts to challenge the closing of the estate. Petitioner has no remaining interest in the estate. The attempt to create an interest by stating she is a shareholder of Nature House falls short. Petitioner has not shown how that role falls within the definition of "interested person," which is "one who has or represents a financial interest, property right or fiduciary status at the time of reference which may be affected by the action, power or proceeding involved ***." 755 ILCS 5/1-2.11 (West 2020).

¶ 21      Petitioner's motions were properly denied, and petitioner cannot show the trial court erred in closing the estate.

¶ 22      III. CONCLUSION

¶ 23      We affirm the trial court's judgment.

¶ 24      Affirmed.